FREEPORT-McMoRAN INC. *v.* K N ENERGY, INC.

No. 90–655.   Decided February 19, 1991

PER CURIAM.

Petitioners seek review of a decision of the United States Court of Appeals for the Tenth Circuit, holding that a Fed-

eral District Court lacked jurisdiction to entertain their diversity action because they added a nondiverse party after filing their complaint. We grant certiorari and reverse the decision of the Court of Appeals.

Petitioners, McMoRan Oil and Gas Company (McMoRan) and its parent company, Freeport-McMoRan Inc. (Freeport), sued respondent K N Energy, Inc. (K N) for breach of contract in the United States District Court for the District of Colorado. Petitioners claimed that respondent had failed to pay the price for natural gas agreed upon in their contract, and sought both declaratory relief to establish the contract price and damages for past underpayments. Petitioners based federal jurisdiction upon diversity of citizenship. At all times up to and including the filing of the complaint, Freeport and McMoRan were Delaware corporations with their principal places of business in Louisiana. K N was and is a Kansas corporation with its principal place of business in Colorado.

After suit was filed, petitioner McMoRan transferred its interest in the contract with respondent to a limited partnership, FMP Operating Company (FMPO), for business reasons unrelated to the instant litigation. FMPO's limited partners included citizens of Kansas and Colorado. Accordingly, before trial commenced, petitioners sought leave to amend their complaint to substitute FMPO as a plaintiff under Rule 25(c) of the Federal Rules of Civil Procedure. The District Court permitted petitioners to add FMPO as a party but did not remove McMoRan as a party. After a bench trial, the District Court held in favor of petitioners, and respondent appealed. The Court of Appeals reversed and directed that the suit be dismissed for want of jurisdiction. The court held that "although complete diversity was present when the complaint was filed," the addition of FMPO as a plaintiff destroyed jurisdiction. 907 F. 2d 1022, 1024 (1990). The court based its holding upon our decision in *Carden* v. *Arkoma Associates*, 494 U. S. 185 (1990). The

court explained that *"Carden* establishes that [FMPO's] addition as the real party in interest destroys the district court's diversity jurisdiction." 907 F. 2d, at 1025.

Our decision last Term in *Carden* considered whether the citizenship of limited partners must be taken into account in determining whether diversity jurisdiction exists in an action brought by a limited partnership. The original plaintiff in *Carden* was the limited partnership; diversity jurisdiction, then, depended upon whether complete diversity of citizenship existed at the time the action was commenced. But nothing in *Carden* suggests any change in the well-established rule that diversity of citizenship is assessed at the time the action is filed. We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events. *Mollan* v. *Torrance,* 9 Wheat. 537 (1824); *Clarke* v. *Mathewson,* 12 Pet. 164, 171 (1838)*; Wichita Railroad & Light Co.* v. *Public Util. Comm'n of Kansas,* 260 U. S. 48, 54 (1922) ("Jurisdiction once acquired . . . is not divested by a subsequent change in the citizenship of the parties. Much less is such jurisdiction defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties" (citations omitted)).

The opinions of the District Court and the Court of Appeals establish that the plaintiffs and defendant were diverse at the time the breach-of-contract action arose and at the time that federal proceedings commenced. The opinions also confirm that FMPO was not an "indispensable" party at the time the complaint was filed; in fact, it had no interest whatsoever in the outcome of the litigation until sometime after suit was commenced. Our cases require no more than this. Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action. A contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litiga-

tion.   Such a rule is not in any way required to accomplish the purposes of diversity jurisdiction.

Respondent relies on our decision in *Owen Equipment & Erection Co.* v. *Kroger*, 437 U. S. 365 (1978), to support the result reached by the Court of Appeals.   There we held that the ancillary jurisdiction of a District Court did not extend to the entertaining of a claim by an original plaintiff in a diversity action against a nondiverse third-party defendant impleaded by the original defendant pursuant to Federal Rule of Civil Procedure 14(a).   *Owen* casts no doubt on the principle established by the cases previously cited that diversity jurisdiction is to be assessed at the time the lawsuit is commenced.

The motion of American Mining Congress for leave to file a brief as *amicus curiae* is granted.   The petition for a writ of certiorari is granted, and the judgment of the Court of Appeals is

*Reversed.*

JUSTICE SOUTER took no part in the consideration or decision of this motion and case.