**Red BUTTONS, Plaintiff,**

v.

**NATIONAL BROADCASTING COMPANY, INC., et al., Defendants.**

**No. CV 94–0354 AWT.**

United States District Court, C.D. California.

March 14, 1994.

Norman Feirstein, Westminster, CA, for plaintiff.

Anne H. Egerton and Andrea R. Hartman, Burbank, CA, for defendants.

## MEMORANDUM DECISION ON MOTIONS TO:

### (1) AMEND; and

### (2) DISMISS

TASHIMA, District Judge.

This is an action for defamation (libel and slander) which was commenced in state court and removed here on the basis of diversity of citizenship. Shortly after removing the case, defendants moved to dismiss the action for failure to state a claim. F.R.Civ.P. 12(b)(6). In addition to opposing defendants' motion, plaintiff then moved to amend his complaint to add several in-state defendants, thus, destroying diversity. Plaintiff seeks to then have the action remanded to state court. For the reasons set forth below, plaintiff's motion will be denied and defendants' motion will be granted.

### Background and Allegations

This action arises out of a comedy skit performed on the October 11, 1993, episode of the late-night show, "Late Night with Conan O'Brien" (the "Show"). In that skit, O'Brien has a conversation with a larger-than-life picture of the actor, Ted Danson. Danson is in blackface and there is a cutout where Danson's mouth would be. A cast member speaks Danson's part while his lips are visible talking through the cutout. O'Brien "interviews" Danson about his controversial Friars Club "roast" of Whoopi Goldberg. At one point in this interview, "Danson," claiming that his performance was really funny, states: "Marty Ingalls was peeing in his pants, Freddie Roman was worshipping me, Red Buttons said it was brilliant,[1] Jack Carter was in tears."

The complaint alleges:

This statement is libelous on its face because it exposed Plaintiff to hatred, contempt, ridicule and obloquy by asserting explicitly that Plaintiff condoned racial,

---

1. The complaint alleges the statement in issue was that "Red Buttons thought the Ted Danson roasting of Goldberg at the Roast was funny or a 'scream'." 1st Amend.Comp. ¶ 10. The quotation in the text, above, appears in the videotape supplied by defendants.

ethnic, and gender bias slurs and lewd sexual remarks by someone (Danson) in black face makeup at the Roast at a time when such a public outcry against this incident was prevailing.

The statement implied, moreover, that Plaintiff was a bigot, racist, chauvinist, perverted and lacked moral and ethical standards and character sufficient to be cognizant of the derogatory nature of Danson's remarks.

1st Amend.Comp. ¶ 11.

### Motion to Amend and Remand

■ The present defendants are National Broadcasting Company ("NBC"), Conan O'Brien and three other individuals involved with production of the Show. None of these defendants are citizens of California. Plaintiff now seeks to amend his complaint to add as defendants the NBC subsidiary which owns the local station and three west coast executives of NBC, who are citizens of California. These defendants would destroy diversity. Defendants oppose the motion to amend, contending that it is not made in good faith and is made solely in an effort to forum shop and to get this case returned to state court.

Although, under F.R.Civ.P. 20(a), joinder should be liberally permitted, this motion is governed by 28 U.S.C. § 1447(e) and not by Rule 20. That statute provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Under this statute, whether to permit joinder in the circumstances here is clearly within the sound discretion of the court.

Plaintiff has not made out a strong case for joinder. With respect to the three west coast NBC executives plaintiff seeks to add as defendants, they appear to have had no responsibility for the production or content of the Show. The purpose of adding them as defendants is, to say the least, highly questionable. With respect to the local subsidiary of NBC, it does not appear that any

greater or different relief could be obtained against the subsidiary than could not be obtained from the parent. It appears that complete relief can be obtained from the present defendants, if any relief is to be obtained at all, without the need to add any more defendants. Thus, it appears that the primary motive in plaintiff's seeking to amend his complaint to add these new defendants is to destroy diversity. Finally, the court would note that if plaintiff is really intent on pursuing these new defendants for some relief not obtainable here, the statute of limitations on any defamation claim has not yet run and plaintiff may sue them separately in state court.

Because none of the factors to be weighed in the exercise of the court's discretion under § 1447(e), in deciding whether or not to permit the joinder of defendants who would destroy diversity, favors joinder, plaintiff's motion is denied.

### Motion to Dismiss

■ The issue raised by defendants' motion to dismiss is whether or not, as a matter of law, the supposed libelous statement is reasonably incapable of being given a defamatory meaning. The test is stated in one leading case, as follows:

The proper focus of judicial inquiry in a case such as this is not whether the allegedly defamatory statement succeeds as comedy, nor whether its audience thought it to be humorous or believed it to be true; the threshold inquiry is simply whether the communication in question could reasonably be understood in a defamatory sense by those who received it. (Rest.2d Torts, *supra*, § 563, com. c.)

*Polygram Records, Inc. v. Superior Court,* 170 Cal.App.3d 543, 554, 216 Cal.Rptr. 252 (1985). And "it is for the court to decide in the first instance whether the statements in a publication 'would reasonably be understood as assertions of fact as opposed to hyperbole, or loose figurative expression.' (*Id.* [*Weller v. American Broadcasting Companies, Inc.* (1991) 232 Cal.App.3d 991] at p. 1002, fn. 9 [283 Cal.Rptr. 644].)" *San Francisco Bay Guardian, Inc. v. Superior Court,* 17 Cal. App.4th 655, 659, 21 Cal.Rptr.2d 464 (1993).

Here, it is clear from the context that the statement was not intended as and would not reasonably be understood as an assertion of fact. First, the Show itself is a comedy show. The Ted Danson–Roast skit was clearly delineated as comedic routine. The larger-than-life photo of Danson's head was intended to reap ridicule, as was the cutout with the moving mouth. The routine itself was a parody of a celebrity attempting to defend himself from public criticism on an interview show. The test is an objective one—whether an objectively reasonably person would understand the words "Red Buttons said it was brilliant," in the context in which they were spoken, as conveying a statement of fact about Red Buttons. The answer must clearly be no.

> If a parody could be actionable because, while recognizable as a joke, it conveyed an unfavorable impression, very few ... parodies could survive. The butt of the parody is chosen for some recognizable characteristic or viewpoint which is then exaggerated. It is not for the court to evaluate the parody as to whether it went "too far." As long as it is recognizable to the average reader as a joke, it must be protected or ... parody ... must cease to exist.

*San Francisco Bay Guardian,* 17 Cal.App. 4th at 662, 21 Cal.Rptr.2d 464. *See also Hustler Magazine, Inc. v. Falwell,* 485 U.S. 46, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988); *Dworkin v. Hustler Magazine, Inc.,* 668 F.Supp. 1408 (C.D.Cal.1987), *aff'd,* 867 F.2d 1188 (9th Cir.), *cert. denied,* 493 U.S. 812, 110 S.Ct. 59, 107 L.Ed.2d 26 (1989); *Patrick v. Superior Court,* 22 Cal.App.4th 814, 27 Cal. Rptr.2d 883 (1994).

The issue remains as to whether this motion should be treated as one for dismissal under Rule 12 or for summary judgment. Defendants have submitted a videotape of the October 11, 1993, episode of the Show, which the court has viewed and relied on in reaching its legal conclusion that the alleged libelous statement is reasonably incapable of defamatory meaning. Plaintiff does not controvert the accuracy of the tape nor does he suggest that any material issues of fact re-

main.[2] Defendant also asks the court to take judicial notice that the Show is a comedy show, featuring humor and satire and that O'Brien is a comedian. Judicial notice was taken of similar facts in *Polygram Records,* 170 Cal.App.3d at 546 n. 1, 216 Cal.Rptr. 252. Although this request is unopposed, it appears to be unnecessary because the "facts" of which judicial notice is sought are apparent from a viewing of the videotape.

Because the court has considered a matter extrinsic to the amended complaint, *i.e.,* the videotape of the Show, this motion will be disposed of as a motion for summary judgment without objection from plaintiff.

**IT IS ORDERED:**

1. Plaintiff's application for leave to file amended complaint and to remand case to state court is **DENIED.**

2. Defendants' motion to dismiss is treated as a motion for summary judgment and is **GRANTED.**

---

2. In fact, plaintiff asks for summary judgment in his favor.