**Paul S. BURKA, et al., Plaintiffs,**

v.

**AETNA LIFE INSURANCE CO., et al., Defendants.**

**Civ. No. 94–975 (CRR).**

United States District Court, District of Columbia.

Aug. 2, 1995.

---

Peter A. Greenburg, Bethesda, MD, for plaintiffs.

Paul J. Kiernan, of Holland & Knight, Washington, DC, for defendant Aetna Life Ins. Co.

Charles H. Fleischer, of Marsh Fleischer & Quiggle, Chtd., Bethesda, MD, and Michael William Sacks, of Thompson, Hine & Flory, Washington, DC, for defendant The American University.

### MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

#### INTRODUCTION

On July 26, 1995, the Court held a hearing on the following four Motions now pending before it: (1) the Defendant's Motion to Substitute; (2) the Plaintiffs' Motion to Join the American University as an Indispensable Party Defendant and to Amend the Complaint to Reflect Such Joinder and Seek Other and Further Relief or, alternatively, to Remand Matter to D.C. Superior Court or Dismiss Without Prejudice; (3) Defendant's Motion to Strike Jury Demand; and (4) Motion of American University to Amend and Supplement Answer. After hearing from counsel for the Plaintiffs, counsel for the Defendant Aetna, and counsel for American University, the Court took the matter under advisement.

Upon careful consideration of the pleadings extant, the relevant law, and the entire record herein, the Court has determined that the Defendant's Motion to Substitute American University as a party defendant under Rule 25(c) of the Federal Rules of Civil Procedure shall be granted. The Court shall also allow the filing of the Plaintiffs' Amended Complaint and Defendant American University's amended and supplemented Answer.

### DISCUSSION

The key question presented by the instant pleadings is how, as a matter of procedure, American University should become a part of this case. All parties, including American University ("AU"), agree that AU should be a defendant in this suit because it now owns the subject property. However, the Plaintiffs quarrel with Aetna and AU over whether the proper vehicle for accomplishing this objective is Rule 25(c) or, as the Plaintiffs urge, Rule 19 of the Federal Rules of Civil Procedure.

It is obvious that the reason why the Plaintiffs argue for joinder under Rule 19 is that, under 28 U.S.C. § 1447(e), the Court could remand the case to Superior Court if such joinder would destroy diversity. More specifically, that provision states that "[i]f after removal the plaintiff seeks to join additional plaintiffs whose joinder would destroy subject matter jurisdiction the Court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The option of remanding the case is evidently not available to the Court if AU is substituted in as a party defendant pursuant to Rule 25(c). Because all parties agree

that AU is a proper party to this case (and the Plaintiffs' argument is solely designed to change the forum in which this case is heard), and because Rule 25(c) properly applies to this case on its face, the Court disagrees with the Plaintiffs that joinder under Rule 19 followed by remand to the Superior Court is the appropriate course.

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]n the case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." The Supreme Court held in *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991), that the addition of a nondiverse party under Rule 25(c) does not divest the court of jurisdiction. In *Freeport–McMoRan,* the plaintiff, like Defendant Aetna in the instant case, transferred its interest in the contract at issue to another entity for business reasons unrelated to the litigation after the suit was filed. Observing that "diversity of citizenship is assessed at the time the action is filed," the Supreme Court held that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Id.* at 428, 111 S.Ct. at 860.

The Plaintiffs do not contest this principle, but argue rather that this Court never had subject matter jurisdiction over the instant case because AU was an indispensable party at the onset of the litigation. The Plaintiffs further submit, however, that they do not seek retroactive application of their jurisdictional argument. In other words, the Plaintiffs represent that they will live with the unfavorable rulings of this Court and the Court of Appeals—even though they were made by courts purportedly lacking jurisdiction over this case—but that the absence of jurisdiction now demands remand to the Su-

perior Court, pursuant to 28 U.S.C. § 1447(e), for resolution of the remaining issues in the suit.

As an initial matter, the Court finds that Rule 25(c) and *Freeport–McMoRan* plainly apply to the instant suit. Aetna transferred its interest in the subject property to AU for business reasons unrelated to this litigation and, because diversity of citizenship existed as between the Plaintiffs and Aetna with the filing of the Complaint, the addition of a nondiverse party (AU) at this juncture cannot and does not destroy subject matter jurisdiction. As all parties agree that AU should be a party defendant in this case, and as Rule 25(c) neatly applies to accomplish this uncontested end, the Court sees no reason why the Defendant's Motion to Substitute should not be granted.[1]

In turn, the Court finds without merit the Plaintiffs' argument that the American University should be joined as an indispensable party defendant and the case remanded to Superior Court. "[W]hether to permit joinder [under § 1447(e)] is clearly within the sound discretion of the court." *Buttons v. National Broadcasting Co.,* 858 F.Supp. 1025, 1026 (C.D.Cal.1994). *See also Morze v. Southland Corp.,* 816 F.Supp. 369, 370 (E.D.Pa.1993) ("[Section 1447(e)] compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved."). The Plaintiffs, however, cast their argument in jurisdictional terms. That is, the Plaintiffs assert that if AU was a necessary and indispensable party at the time of the filing of the Complaint, the Court—irrespective of the whether joinder is granted—lacks subject matter jurisdiction over this litigation.

However, this argument is foreclosed by the law of this Circuit. In particular, the

1. As Defendant Aetna observes, 28 U.S.C. § 1447(e) does not allow a court to retain jurisdiction over a case where a non-diverse party is joined. Opposition to Plaintiff's Motion to Join American University, Amend the Complaint and for Other Relief at 8. Rather, a court has three options under § 1447(e): (1) find a party "indispensable" and dismiss the case; (2) deny the requested joinder; or (3) allow joinder and re-

mand the case to state court. *Yniques v. Cabral,* 985 F.2d 1031, 1034–35 (9th Cir.1993). The Plaintiffs have not cited a case, however, where substitution under Rule 25 in a removed action triggered the application of 28 U.S.C. § 1447(e), or where application of § 1447(e) trumped application of Rule 25 and *Freeport–McMoRan* in circumstances where both rules could arguably apply.

Court of Appeals has made clear that "[f]ailure to join a party, even one determined, after the requisite careful, practically-oriented analysis, to be needed for just adjudication, indeed even one so needed as to attract the conclusion-reporting label 'indispensable,' *never* strips a tribunal of its subject matter jurisdiction or of its authority over the persons before it." *Ford Motor Co. v. Interstate Commerce Commission,* 714 F.2d 1157, 1160 (D.C.Cir.1983) (emphasis added; footnote omitted). Rather, the " 'jurisdiction' fallacy" or " 'heresy' " entertained by the Plaintiffs " 'has been rejected over and over again by authoritative cases.' " *Id.* at 1161 (quoting Fed.R.Civ.P. advisory committee notes on the 1966 amendments (internal quotation marks omitted); C. Wright, Law of Federal Courts 465 (4th ed. 1983)). *See also Ente Nazionale Idrocarburi v. Prudential Securities Group, Inc.,* 744 F.Supp. 450, 456 (S.D.N.Y.1990) ("[T]he concept of indispensability does not concern the Court's subject matter jurisdiction as much as it deals with the ability or right of the Court to make an equitable adjudication. The major question is whether the court can render a decision which will not impair the rights of the absent party."). Thus, it is the joinder of a non-diverse party under Rule 19—and not the mere purported *existence* of a "necessary and indispensable" party—that destroys subject matter jurisdiction. The Court therefore finds the Plaintiffs' argument that the Court lacks subject matter jurisdiction over this case completely misplaced.

In any event, courts have held that the tests for determining whether parties are "necessary" or "indispensable" under Rule 19 do not apply to an inquiry under 28 U.S.C. § 1447(e), which invokes a discretionary standard. *See Pasco Int'l (London) Ltd. v.*

*Stenograph Corp.,* 637 F.2d 496, 500 (7th Cir.1980); *Wyant v. National R.R. Passenger Corp.,* 881 F.Supp. 919, 922 n. 3 (S.D.N.Y. 1995), and citations therein. Rather,

> [i]n exercising their discretion [under § 1447(e) ] and determining whether permitting joinder will comport with principles of fundamental fairness, courts consult the following four factors: (1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend.

*Wyant,* 881 F.Supp. at 923.

Here, the Plaintiffs brought their Motion to Join AU at the eleventh hour—after the Court of Appeals had ruled against them on most of the issues raised in their Complaint—and proffered no legitimate reason for the delay.[2] Indeed, at the July 26, 1995 hearing, counsel for the Plaintiffs conceded that he considered joinder of AU at the beginning of this litigation but, for reasons that are not of this Court's concern, carefully crafted the Complaint to avoid alleging liability against AU.

As for the second factor, the Court cannot find that remand to the Superior Court would not prejudice the Defendant as resolution of the remaining claims in that forum would likely proceed at a considerably slower pace than it would before this Court, while the American University is preparing to move its law school to the subject property. Plaintiffs' counsel represented at the hearing that the Defendant would not suffer prejudice from a remand because resolution of the only remaining issues (which relate to parking for the law school) is likely to drag on, while there is sufficient parking for the school as matters stand. Even if this asser-

---

**2.** The Court finds substantial merit in the Defendant's argument that the Plaintiffs waived their right to seek joinder by failing to raise the claim in a timely manner. In this connection, the Court finds instructive the Fifth Circuit's discussion of a plaintiff's attempt to dismiss an appeal for lack of subject matter jurisdiction because of the failure to join allegedly indispensable parties:

> As the plaintiff, Judwin had control of the suit . . . and chose which parties to sue. . . . Judwin's failure to amend to include other defendants or involuntary plaintiffs at that time indi-

cates that Judwin deemed such action unnecessary. Such a decision should not be the basis for an offensive use of Rule 19 in this Court.

*Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432, 434 (5th Cir.1992). *See also United States v. Sabine Shell, Inc.,* 674 F.2d 480, 483 (5th Cir.1982) (defendants' purported "dilemma" in raising the issue of joinder for the first time on appeal "is one of their own making, one that they could have avoided by joining the [parties at issue] earlier in this litigation").

tion were supported by evidence in the record which, at this stage, it is not, the Court finds that all parties to this litigation are entitled to a just and speedy resolution of all claims extant by the Court which has presided over this case from its inception.

With respect to the third factor, the Plaintiffs do claim that judicial economy supports remand because they have filed a parallel action in Superior Court. The Plaintiffs further represent, however, that "the plaintiffs' proposed amended complaint in the Superior Court and the plaintiffs' proposed amended complaint in this court . . . are virtually identical." Supplemental Memorandum in Support of Motion of Plaintiffs' [sic] to Join the American University as an Indispensable Party and For Other Relief at 2. Under these circumstances, judicial economy would sanction resolution of all remaining issues before this Court which is intimately familiar with the history of the dispute raised identically before both tribunals.

Finally, as for the fourth factor, the Court finds that the Plaintiffs' apparent motivation for seeking joinder at this late stage in the litigation counsels against granting their request under § 1447(e). "Generally, a plaintiff may not act to divest the federal court of jurisdiction over a case that has been properly removed." *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen,* 726 F.Supp. 950, 952 (S.D.N.Y.1989). Here, it is quite evident that the Plaintiffs' instant Motion constitutes an attempt to manipulate the system to produce the forum of their choice following unfavorable rulings by this Circuit. As all parties agree that the addition of AU is proper at this juncture, the only conceivable reason for the Plaintiffs' otherwise superfluous Motion is to obtain a remand. This "forum-shopping" motivation is, in short, improper. The Court further observes that such circumstances render suspect the Plaintiffs' reliance on their own filing of a parallel suit in Superior Court as grounds for removal. *See Buttons v. National Broadcasting Co.,* 858 F.Supp. 1025 (C.D.Cal.1994) (joinder denied where plaintiff's primary motive in seeking to amend complaint was to destroy diversity); *Wilson,* 726 F.Supp. at 952 ("[W]hen joinder would necessitate a remand, the court must determine whether the plaintiff seeking joinder is motivated primarily by a desire to force a remand to his forum of choice."). Thus, in sum, the Court rejects the Plaintiffs' argument that joinder of AU and remand to the Superior Court under 28 U.S.C. § 1447(e) is required in this case.[3]

Although the Court need not consider whether AU was an indispensable party at the time of the commencement of this action (as the inquiry under § 1447(e) is committed to the sound discretion of the Court and does not grow out of Rule 19), the Court nevertheless finds no merit to the Plaintiffs' argument that AU was necessary and indispensable party. The Plaintiffs argue that AU was a necessary and indispensable party subject to Rule 19(a) joinder because AU had a contract to purchase the subject property at the inception of this action. They cite no authority for this proposition, however, aside from two cases from the District of Columbia Court of Appeals which discuss the principle of equitable conversion in contexts other than the assessment of joinder under Rule 19; they are therefore not controlling here.

### CONCLUSION

Accordingly, the Court shall grant the Defendant's Motion to Substitute and deny the Plaintiffs' Motion to Join American University. The Court shall also allow for the filing of an Amended Complaint and shall grant the Motion of Defendant The American University to Amend and Supplement Answer. The Court observes that Defendant Aetna is wholly correct that the only remaining claims alleged in the original Complaint are equitable in nature such that the Plaintiffs are not entitled to a jury trial, and Plaintiffs' counsel, despite his representations to the contrary at the July 26, 1995 hearing, has proffered no authority for the assertion that such claims are legal in nature. Nor did counsel for the Plaintiffs distinguish the cases cited by Aetna. In any event, however, counsel agreed

---

3. *Yniques v. Cabral,* 985 F.2d 1031 (9th Cir. 1993), upon which the Plaintiffs heavily rely, contains nothing to contradict this finding.

at the hearing that the Amended Complaint contains claims for legal relief which are for a jury to determine. Thus, in view of the filing of an Amended Complaint, the Court shall declare moot the Defendant's Motion to Strike Plaintiffs' Jury Demand.

Finally, although the Court is absolutely convinced of the correctness of its decision herein, the Court shall grant the Plaintiffs' request for an interlocutory appeal Order under 28 U.S.C. § 1292(b) in order to conserve resources in this Court and the D.C. Superior Court.

The Court also expresses the wish that the Court of Appeals expedite its consideration of this matter as it involves the American University's law school which is soon to move to the subject property. Upon receipt of the Court of Appeals' determination, the undersigned Judge will bring the matter for trial ahead of every other case except for criminal cases requiring expedition, or take other appropriate action.

The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

For the reasons set forth in the Memorandum Opinion of even date herewith, it is, by the Court, this 1st day of August, 1995,

ORDERED that the Defendant's Motion to Substitute shall be, and hereby is, GRANTED, and the American University shall be, and hereby is, SUBSTITUTED in this action as a Defendant with the Defendant Aetna Insurance Company; and it is

FURTHER ORDERED that the Plaintiffs' Motion to Join the American University as an Indispensable Party Defendant and to Amend the Complaint to Reflect Such Joinder and Seek Other and Further Relief or, alternatively, to Remand Matter to D.C. Superior Court or Dismiss Without Prejudice shall be, and hereby is, DENIED, except to the extent that it seeks to Amend the Complaint; leave to file an Amended Complaint shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Defendant's Motion to Strike Jury Demand shall be, and hereby is, declared MOOT, in light of the Plaintiffs' filing of an Amended Complaint; and it is

FURTHER ORDERED that the Motion of Defendant the American University to Amend and Supplement Answer shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that, pursuant to 28 U.S.C. § 1292(b), the Court finds that an immediate appeal from this Order and accompanying Memorandum Opinion may materially advance the ultimate termination of the litigation in that a controlling question of law is involved herein; and it is

FURTHER ORDERED that, in the event that an appeal is sought from this Order pursuant to the above-ordered paragraph, this Court shall grant a stay of the proceedings pending the Court of Appeals' decision.