Paul S. BURKA, and Robert A. Burka,
Trustees, Appellants

v.

AETNA LIFE INSURANCE COMPANY,
et al., Appellees.

No. 95–7284.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 9, 1996.

Decided June 14, 1996.

Peter A. Greenburg, Washington, DC, argued the cause and filed the briefs, for appellants.

Paul J. Kiernan, Washington, DC, argued the cause, for appellee Aetna Life Insurance Company, with whom Gloria B. Solomon, was on the brief.

Charles H. Fleischer, Washington, DC, argued the cause, for appellee The American University, with whom Michael William Sacks, was on the brief.

Before: EDWARDS, Chief Judge,
GINSBURG and ROGERS, Circuit Judges.

Opinion for the Court filed by Chief Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Through a 1993 foreclosure sale, appellee Aetna Life Insurance Company acquired property located in the District of Columbia ("D.C." or "the District") that previously had been owned by a family trust of which appellants Paul S. Burka and Robert A. Burka are presently trustees. Aetna subsequently arranged to sell the property to appellee American University ("AU"), a nonprofit D.C. institution that plans to use the property for its law school. After Aetna and AU had entered into a purchase agreement, but before the sale took place, the Burkas filed suit in the D.C. Superior Court challenging Aetna's ownership of the property or, in the alternative, claiming that the size of a commercial building located on the property was larger than a Declaration of Easement and Agreement ("Declaration") concerning the property permitted.

Because Aetna is a Connecticut corporation and the Burkas are citizens of the District of Columbia and Maryland, Aetna was able to remove the case to the federal District Court based on diversity jurisdiction. After the District Court granted summary judgment in favor of Aetna on all counts of the Burkas' complaint, Aetna conveyed the property to AU, but retained a security interest. On appeal, this court upheld the District Court's grant of summary judgment as to all claims except the allegation that the size of the building on the property violated the Declaration; the court remanded this claim because the District Court had not addressed it. *Burka v. Aetna Life Ins. Co.*, 56 F.3d 1509 (D.C.Cir.1995) (per curiam) ("*Burka I*").

Following the remand, but before a scheduled evidentiary hearing on the building-size issue, the parties submitted a series of procedural motions, which form the basis of the instant appeal. First, on July 6, 1995, Aetna moved to add AU as a defendant pursuant to Federal Rule of Civil Procedure ("Rule") 25(c).[1] A week later, the Burkas moved to join AU as a defendant pursuant to Rule 19,[2]

---

1. Rule 25(c) states, in part, that:

   [i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

   FED. R. CIV. P. 25(c). Because it continues to hold a mortgage on the subject property, Aetna did not actually seek a complete substitution, but rather proposed to have AU "joined with the original party," as Rule 25(c) authorizes.

2. Rule 19 states, in part, as follows:

   (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

   (b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the sharing of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

   FED.R.CIV.P. 19(a) & (b). By its terms, Rule 19 is a much broader provision for the addition of parties to a law suit than is Rule 25. Generally, Rule 25 is focused on the "*substitution*" of parties," when, for example, there has been a "transfer of interest" under Rule 25(c). However, a "substitution" under Rule 25 does not necessarily mean the replacement of one party with another; for, as seen in Rule 25(c), a "person to whom the interest is transferred" may be "substituted" *or* "joined with the original party." To the extent that Rule 25(c) allows for "joinder," it may overlap with the provisions of Rule 19. The application of each rule, however, is quite distinct.

and sought to amend their complaint to add claims against AU. Because the Rule 19 joinder of AU as a defendant would have destroyed diversity, the Burkas also asked the federal court to remand the case to the Superior Court pursuant to 28 U.S.C. § 1447(e) (1994).[3] Four days after the Burkas filed their motions, AU requested leave to amend and supplement the answer previously filed by Aetna. AU also asserted a counterclaim against the Burkas relating to actions taken by them during the pendency of the first appeal to this court.

By Memorandum Opinion and Order, the District Court granted Aetna's motion to substitute AU, denied the Burkas' motions both to join AU and remand or dismiss the case, granted the Burkas' motion to amend the complaint, and granted AU's motion to amend and supplement the answer. *Burka v. Aetna Life Ins. Co.*, 894 F.Supp. 28 (D.D.C.1995). On interlocutory appeal, the Burkas' principal claim is that the District Court erred in permitting AU to be added as a defendant pursuant to Rule 25(c) rather than Rule 19 and/or section 1447(e), and in refusing to remand or dismiss the case for lack of subject matter jurisdiction once AU was added.

We conclude, however, that the District Court was well within its discretion in granting Aetna's Rule 25(c) motion, and in doing so before considering the Burkas' joinder requests. We find nothing in the law suggesting that Rule 19 and/or section 1447(e) must come into play and trump Rule 25(c) as a method for adding a party when, as here, Rule 25(c) clearly is applicable, particularly where the Rule 25(c) motion is first in time. Further, the Supreme Court's decision in *Freeport–McMoRan Inc. v. K N Energy,*

*Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (per curiam), which we find fully applicable to this case, establishes that the addition of a non-diverse party pursuant to Rule 25(c) generally does *not* deprive the District Court of subject matter jurisdiction, and hence does not require remand or dismissal. Although *Freeport–McMoRan* indicates that there might be an exception if the new party was actually an indispensable party at the beginning of the litigation, we agree with the trial court that AU was not such a party. Therefore, we affirm the District Court's rulings on the parties' procedural motions.[4]

## I. BACKGROUND

Little more need be said here concerning the details and history of the parties' underlying property dispute, which is duly recounted in *Burka I. See* 56 F.3d at 1510–12. For present purposes, we focus on the District Court's August 2, 1995, decision disposing of the parties' procedural motions. The District Court framed the issues before it and capsulized its reasoning as follows:

The key question presented by the instant pleadings is how, as a matter of procedure, [AU] should become a part of this case. All parties, including [AU], agree that AU should be a defendant in this suit because it now owns the subject property. However, the [Burkas] quarrel with Aetna and AU over whether the proper vehicle for accomplishing this objective is Rule 25(c) or, as the [Burkas] urge, Rule 19. . . .

It is obvious that the reason why the [Burkas] argue for joinder under Rule 19 is that, under 28 U.S.C. § 1447(e), the Court could remand the case to Superior

---

3. Section 1447(e) provides that:
   [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.
   28 U.S.C. § 1447(e) (1994). As an alternative to their request for remand under section 1447(e), the Burkas sought voluntary dismissal without prejudice pursuant to Rule 41.

4. In light of our conclusion that the District Court properly applied Rule 25(c) to add AU as a

defendant in this case, we also find that 28 U.S.C. § 1367(b) (1994)—which, in diversity cases, precludes supplemental jurisdiction over claims by or against non-diverse parties added under certain rules *other than* Rule 25—presents no impediment to the District Court's exercise of supplemental jurisdiction over claims between the Burkas and AU. Further, we find no error in the District Court's granting of both the Burkas' motion to amend their complaint and AU's motion to supplement and amend the answer.

Court if such joinder would destroy diversity.... The option of remanding the case is evidently not available to the Court if AU is substituted in as a party defendant pursuant to Rule 25(c). Because all parties agree that AU is a proper party to this case (and the [Burkas'] argument is solely designed to change the forum in which this case is heard), and because Rule 25(c) properly applies to this case on its face, the Court disagrees with the [Burkas] that joinder under Rule 19 followed by remand to the Superior Court is the appropriate course.

*Burka,* 894 F.Supp. at 29–30.

Turning to its more detailed analysis, the District Court first addressed the applicability of Rule 25(c). The court found that Rule 25(c) "plainly appl[ies] to the instant suit," because "Aetna transferred its interest in the subject property to AU for business reasons unrelated to this litigation" after the suit was filed. *Id.* at 30. The court also determined that, under the Supreme Court's decision in *Freeport–McMoRan,* applying Rule 25(c) to add AU as a party defendant would not deprive the court of jurisdiction. *Id.; see also Freeport–McMoRan,* 498 U.S. at 428, 111 S.Ct. at 860 (The Court made clear that "diversity of citizenship is assessed at the time the action is filed ... [and] if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events ... [including] the addition of a nondiverse party to the action" pursuant to Rule 25(c).).

While acknowledging that "28 U.S.C. § 1447(e) does not allow a court to retain jurisdiction over a case where a non-diverse party is joined," the District Court nevertheless refused to deny the Rule 25 substitution, observing that the Burkas "have not cited a case ... where substitution under Rule 25 in a removed action triggered the application of ... § 1447(e), or where application of § 1447(e) trumped application of Rule 25 and *Freeport–McMoRan* in circumstances where both rules could arguably apply." *Burka,* 894 F.Supp. at 30 n. 1. Thus, given that all parties agreed that AU should be a party defendant in the case, and given that "Rule 25(c) neatly applies to accomplish this uncontested end," the District Court saw "no reason why [Aetna's] Motion to Substitute should not be granted." *Id.* at 30.

Turning to the Burkas' motions, the court considered and rejected appellants' requests for joinder and remand pursuant to section 1447(e).[5] The court also rejected as without merit the Burkas' contention that AU had actually been an indispensable party at the onset of this litigation due to its already having entered into a contract to purchase the subject property before the Burkas filed suit and that, therefore, the court lacked subject matter jurisdiction over the case.

Although the District Court judge expressed "absolute[ ]" certainty as to the correctness of his decision regarding the parties' procedural motions, the court nevertheless granted the Burkas' request to certify the case for interlocutory appeal in order to conserve judicial resources. *Id.* at 33. We

5. Although the trial court found that the application of Rule 25(c) did not trigger the application of section 1447(e), it nonetheless addressed the four factors identified in *Wyant v. National Railroad Passenger Corp.,* 881 F.Supp. 919 (S.D.N.Y. 1995), for determining whether, in furtherance of fundamental fairness, a court should exercise its discretion under section 1447(e) to permit joinder (and thereby remand):

(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiffs' motivation in moving to amend.

*Burka,* 894 F.Supp. at 31 (quoting *Wyant,* 881 F.Supp. at 923). The court found that these factors weighed against the allowance of remand-inducing joinder under section 1447(e),

because, *inter alia,* the Burkas had waited unjustifiably long to pursue joinder; a remand would prejudice appellees because resolution of the remaining claims in Superior Court would proceed considerably more slowly than in the District Court (time being of the essence for AU to move its law school to the property); judicial economy favored resolution of all remaining issues in the court already intimately familiar with the history of the dispute, especially given that the claims raised before the District Court and those raised before the Superior Court were virtually identical; and the Burkas' motivation in seeking joinder amounted to improper "forum-shopping," there being no other reason for the Burkas' "otherwise superfluous Motion [but] to obtain a remand." *Id.* at 31–32.

granted the Burkas' petition for appeal by Order filed December 1, 1995.

## II. ANALYSIS

Appellants mount two principal arguments to challenge the District Court's rulings on the parties' procedural motions: (1) that a Rule 25(c) addition was not available on the facts of this case and that, in any event, adding AU as a defendant pursuant to Rule 25(c) would require remand to the D.C. Superior Court; and (2) that, even if a Rule 25(c) addition would not require remand, the District Court had no discretion to add AU to the case per Aetna's Rule 25(c) motion while in the same decision refusing to apply Rule 19 and/or section 1447(e) to join AU as a defendant per appellants' request. We find neither argument persuasive.[6]

■ Appellants' first contention—that Rule 25(c) is inapplicable in this case—is patently meritless. We review the District Court's ruling on a Rule 25(c) motion only for abuse of discretion, *see Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir.1988) ("[O]rders [granting Rule 25(c) substitution] are reviewed only for abuse of discretion."), *cert. denied*, 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989); *Prop–Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir.1978) ("Substitution of a successor in interest or its joinder as an additional party under Rule 25(c) is generally within the sound discretion of the trial court."), and we find no abuse in this instance. Rather, we agree with the District Court that the facts of this case fall squarely within the language and purpose of Rule 25(c), and we find no basis for any suggestion that Rule 25(c)'s applicability should be avoided merely because this is a removal case.

Similarly, there is no basis for appellants' contention that the holding of *Freeport–McMoRan* does not extend to removal cases. The Court there stated:

> the well-established rule that diversity of citizenship is assessed at the time the action is filed. We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.... Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action [under Rule 25(c) ]. A contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation. Such a rule is not in any way required to accomplish the purposes of diversity jurisdiction.

498 U.S. at 428–29, 111 S.Ct. at 860. In other words, under *Freeport–McMoRan*, it is clearly understood that, as a general rule, the addition of a non-diverse party pursuant to Rule 25(c) does not deprive the District Court of subject matter jurisdiction. This general rule is equally applicable both in removal cases and cases originally brought in federal court. *Cf. Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294–95, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938) (In a slightly different context, the Court observed "that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction," and "*[t]he same rule governs a suit originally brought in a state court and removed to a federal court.*" (emphasis added)).

The only potential caveat alluded to in *Freeport–McMoRan* is that a Rule 25(c) addition of a non-diverse party may destroy diversity jurisdiction (and hence, in a case removed from state court, require remand) if the added party was *indispensable at the time the action began*.[7] *See* 498 U.S. at 428,

---

6. We also find no basis for appellants' suggestion that AU implicitly requested, and the District Court implicitly granted, Rule 24 intervention and that, therefore, part (b) of the supplemental jurisdiction statute bars the District Court from exercising supplemental jurisdiction over claims by and against AU. *See* 28 U.S.C. § 1367(b) (1994). Further, we reject as without merit appellants' belated argument, raised for the first time in their reply brief, that part (a) of section 1367 does not afford the District Court supple-

mental jurisdiction over the claims between appellants and AU because those claims are not part of "the same case or controversy" as the original dispute between appellants and Aetna, as required under the statute. *See* 28 U.S.C. § 1367(a) (1994).

7. 28 U.S.C. § 1447(c) (1994) provides that, in a case removed from state court, "[i]f at any time before final judgment it appears that the district

111 S.Ct. at 860 (Upon noting that the non-diverse successor in interest was not indispensable at the commencement of the action, the Court remarked, "Our cases require no more than this."). However, this case does not pose the narrow exception suggested by *Freeport–McMoRan.* The District Court ruled that AU was *not* an indispensable party at the commencement of this action, and we review a trial court's ruling on indispensability only for abuse of discretion. *See Kickapoo Tribe of Indians v. Babbitt,* 43 F.3d 1491, 1495 (D.C.Cir.1995).

In this case, there is ample support for the District Court's conclusion that AU was not indispensable at the time appellants brought suit against Aetna. *See Burka,* 894 F.Supp. at 32. To begin with, appellants' indispensability argument is severely undermined by appellants' failure to seek joinder of AU as a defendant at an earlier stage of this case. As the District Court observed, appellants "brought their Motion to Join AU at the eleventh hour—after the Court of Appeals had ruled against them on most of the issues raised in their Complaint—and proffered no legitimate reason for the delay." *Id.* at 31. Appellants now attempt to excuse their delay in seeking joinder by suggesting that they did not know of the purchase contract between Aetna and AU at the time the complaint was filed. However, the complaint itself manifests appellants' awareness that, "[a]t the time it placed its successful bid [at the 1993 foreclosure sale] Aetna had in hand an offer from The American University to purchase all rights and interest which were the subject of such endeavored foreclosure sale." Complaint ¶ 20, *reprinted in* Joint Appendix 22. Moreover, appellants' counsel conceded before the District Court "that he considered joinder of AU at the beginning of this litigation but, for [tactical] reasons ... carefully crafted the Complaint to avoid alleging liability against AU." *Burka,* 894 F.Supp. at 31. Under these circumstances, appellants' conscious decision not to join AU at the beginning of this action militates against a finding that AU was indispensable at that time. *Cf. Judwin Properties, Inc. v. United States Fire Ins. Co.,* 973 F.2d 432,

434 (5th Cir.1992) (per curiam) (In rejecting a plaintiff's attempt to dismiss an appeal for lack of subject matter jurisdiction resulting from the failure to join allegedly indispensable parties, the court noted that the plaintiff's choice not to sue or join the missing parties earlier "indicates that [the plaintiff] deemed such action unnecessary," and "[s]uch a decision should not be the basis for an offensive use of Rule 19.").

Further, appellants have cited no case holding that the existence of a purchase contract (much less an offer to purchase) renders the contract purchaser *per se* indispensable to a suit concerning the subject property. Moreover, given that the property had not yet been transferred to AU's ownership when appellants filed suit, AU's absence from the litigation would not have prevented binding and conclusive resolution of appellants' primary challenge to Aetna's ownership of the property, which was the focus of the case prior to Aetna's successful motion for summary judgment on the ownership issue. Neither was AU rendered indispensable at the beginning of this litigation as a result of appellants' alternative claim that the size of the building on the property violated the Declaration, for AU had no interest in the size of the building at that time. Thus, there is no reason to doubt that the general rule espoused by the Supreme Court in *Freeport–McMoRan* is fully applicable to the instant case, and we reject appellants' contention that the District Court was deprived of subject matter jurisdiction when it granted Aetna's request to add AU as a defendant in this case pursuant to Rule 25(c).

■ Like the District Court, we are not persuaded by appellants' unsupported contention that a Rule 25(c) addition itself triggers the application of section 1447(e)'s remand requirement in this case. *See Burka,* 894 F.Supp. at 30 n. 1. Beyond the obvious fact that the Rule 25(c) motion here was made by the defendant, Aetna, whereas section 1447(e), by its terms, applies only when "the *plaintiff* seeks to join additional defendants," 28 U.S.C. § 1447(e) (1994) (emphasis added), we also find nothing in the law to

court lacks subject matter jurisdiction, the case

shall be remanded."

suggest that a transfer-of-interest-based substitution or addition under Rule 25(c) is a form of "joinder" within the meaning of section 1447(e). As the Court made clear in *Freeport–McMoRan,* 498 U.S. at 428, 111 S.Ct. at 860, in a Rule 25(c) transfer-of-interest case, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Thus, we agree with the District Court that "[t]he option of remanding the case [provided for in section 1447(e) ] is evidently not available to the Court if AU is substituted in as a party defendant pursuant to Rule 25(c)." *Burka,* 894 F.Supp. at 29.

Appellants also challenge the decision of the District Court by arguing, in essence, that the court ruled on the parties' procedural motions with an eye toward preserving jurisdiction and avoiding remand, and that, in so doing, the court impermissibly resorted to a "naming game" in order to exploit the differing ramifications of a Rule 25 addition versus Rule 19/section 1447(e) joinder of a non-diverse party. However, we find nothing in the law suggesting that either Rule 19 or section 1447(e) trumps Rule 25(c) when all may be applicable, especially when the Rule 25 motion is filed first in time. The District Court certainly was within its discretion in considering the Rule 25(c) issue first, and, having properly found Rule 25(c) applicable, the court was in no way obligated to apply some other method of party addition that would necessitate a remand.

In short, we find that the judgment of the District Court is exactly right. AU was properly added as a defendant pursuant to Rule 25(c), and the District Court properly continues to assert jurisdiction over the entire case.

## III. CONCLUSION

For the reasons set forth above, the decision of the District Court disposing of the parties' procedural motions is affirmed.

*So ordered.*