In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3456

Estate of Jose E. Alvarez, by Zulma Prieto,
Personal Representative, Ana L. Alvarez
and Jose R. Alvarez, by his natural parent
Ana Luisa Alvarez,

Plaintiffs-Appellees,

v.

Donaldson Company, Inc.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend
Division.
No. 3:99-CV-194 RM--Robert L. Miller, Jr., Judge.

Argued April 3, 2000--Decided May 30, 2000

Before Bauer, Flaum, and Williams, Circuit
Judges.

Bauer, Circuit Judge.  On April 1, 1999,
the Estate of Jose Alvarez filed a
wrongful death action, stemming from an
explosion at an ethylene oxide packaging
facility in Elkhart, Indiana, against the
Donaldson Company. On the final day
within the applicable statute of
limitations, the Estate moved to amend
its complaint to add 48 additional
defendants, some of which destroy
complete diversity. This appeal arises
out of the district court's decision to
grant the Estate's motion and its
subsequent dismissal of the case for lack
of complete diversity.

Donaldson argues that the district court
erred as a matter of law in dismissing
this case for lack of subject matter
jurisdiction. Donaldson contends that
because diversity was proper when the
action commenced it cannot be divested by
the subsequent addition of a nondiverse
party, citing the Supreme Court's
decision in Freeport-McMoRAN, Inc. v. K N

Energy, 498 U.S. 426 (1991) (per curiam). We review the dismissal for lack of subject matter jurisdiction de novo. Sapperstein v. Hager, 188 F.3d 852, 855 (7th Cir. 1999).

Donaldson tries to broaden the holding in Freeport-McMoRan by stating that once jurisdiction is established it cannot be destroyed. Freeport-McMoRan, however, looked at a limited part of diversity in which there was a substitution of parties. McMoRan, in a business transaction unrelated to the litigation, transferred its interest in the contract to FMP Operating Company. Freeport-McMoRan, 498 U.S. at 428. Because FMPO "was not an 'indispensable' party at the time the complaint was filed (in fact, it had no interest whatsoever in the outcome of the litigation until sometime after suit was commenced) diversity was not destroyed." Id. The Supreme Court determined that once jurisdiction is established it cannot be defeated by the addition of a nondiverse party to the action. Id.

In this case, however, the district court was not confronted by the substitution of parties but the addition of 48 parties. Therefore the court found that Freeport-McMoRan did not apply. Other circuits have also held that Freeport-McMoRan is limited to the substitution of parties under Rule 25. See Cobb v. Delta Exports Inc., 186 F.3d 675 (5th Cir. 1999); Ingram v. CSX, 146 F.3d 858 (11th Cir. 1998); see also Casas Office Machines, Inc. v. Mita Copystar of Am., Inc., 42 F.3d 668 (1st Cir. 1994); Burka v. Aetna Life Ins. Co., 87 F.3d 478 (D.C. Cir. 1996). Further, the Supreme Court in Freeport-McMoRan specifically held that it was not overruling Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 375 (1978), which held that a plaintiff may not bypass the jurisdiction requirements by suing only the diverse defendants and waiting for them to implead the nondiverse defendants.

The Estate amended the complaint to include the 48 additional defendants only after Donaldson identified them as possible nonparties that may have been at fault under the Indiana Comparative Fault Act. Donaldson provided the names just six days before the end of the statute of limitations. This was clearly an addition

of parties, not a substitution. The district court followed the rule of Owen when it dismissed this case for lack of jurisdiction stating, "requiring complete diversity does not require constant inquiry into the parties' changing citizenship; it simply requires plaintiffs to establish diversity as part of an amended complaint just as they did for the original complaint."

Donaldson further argues that the court abused its discretion in granting the Estate leave to amend the complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Id. The amendment however amounted to joinder under Fed.R.Civ.P. 19.

Rule 19 of the Federal Rules of Civil Procedure sets forth the procedure for joining a party to a pending case. Because Rule 19(a) only allows joinder if it will not deprive the court of jurisdiction, we must turn our analysis to Rule 19(b). Kreuger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993). Section 19(b) provides:

Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

Further, Fed.R.Civ.P. 21 provides that misjoinder is not grounds for dismissal.

The factors of 19(b) were clearly met. First, the absence of the 48 additional

parties would have been prejudicial to the Estate. Under the Indiana Comparative Fault Act, nonparties are assessed fault but not liability. If fault were found the Estate would be unable to recover damages from them, requiring the Estate to follow up in state court. Second, this prejudice could not be lessened. Third, the judgment without the additional parties would not be adequate because the Estate would have to relitigate in State court to obtain any recovery from the nonparties. Finally, the Estate can file suit in state court against Donaldson and all the nonparties in the Elkhart Circuit Court.

The district court correctly joined the additional defendants as indispensable parties and then dismissed the case for lack of subject matter jurisdiction. The district court is affirmed.