19 F.3d 11
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Susan Lynn HARRIS, Plaintiff-Appellant,
v.
HARDEES FOOD SYSTEMS, INCORPORATED, Defendant-Appellee,
and
Sharon Irene BRANCHIK, Defendant.
 No. 93-1457.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 15, 1993.
Decided March 1, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-91-3728-HAR)
 Daniel J. Earnshaw, Parker, Pallett & Earnshaw, White Marsh, MD, for appellant.
 Ernest I. Cornbrooks, III, Webb, Burnett, Jackson, Cornbrooks, & Wilbur, Salisbury, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Susan Lynn Harris appeals the district court's dismissal of her action against Hardees Food Systems, Inc. and Sharon Irene Branchik for lack of diversity of citizenship. We affirm the district court's dismissal of the entire suit for lack of subject matter jurisdiction.
 
 
 2
 Harris was injured on September 25, 1989, when she was hit by a truck leaving the parking lot of Hardees while riding a bicycle on the sidewalk in front of Hardees. Harris, a Maryland resident, filed a suit in the United States District Court for the District of Maryland against Hardees, a North Carolina corporation, and Branchik, the driver of the truck, whom Harris believed at the time she filed the suit to be a citizen of Pennsylvania. Federal jurisdiction was based on diversity of citizenship. 28 U.S.C.A. Sec. 1332(a) (West Supp.1993).[1] In her answer to the complaint, Branchik admitted to being a citizen of Pennsylvania.[2] Hardees and Branchik filed cross-claims against one another.
 
 
 3
 Branchik then filed a motion for dismissal or for summary judgment alleging that at the time the suit was filed on December 31, 1991, she was a citizen of Maryland, not Pennsylvania, and that the claims against her should be dismissed for lack of subject matter jurisdiction or the case remanded to state court. Branchik alleged that she had been a Maryland citizen since October 28, 1991. The district judge initially denied the motion, on the grounds that Branchik had already admitted to being a citizen of Pennsylvania in her answer to the complaint, and that her affidavit was insufficient evidence of citizenship and domicile in Maryland.
 
 
 4
 Branchik then filed a Supplemental Memorandum to Motion to Dismiss/Motion for Summary Judgment, including exhibits in support of her claim of Maryland citizenship. Branchik alleged that her answer to the complaint was filed by her attorney, after being forwarded to him by Branchik's insurance carrier, before he had the opportunity to discuss the claims or Branchik's residence with Branchik.
 
 
 5
 Hardees filed an answer to Branchik's motion, stating that it did not oppose the motion and requesting the relief"which is appropriate under the circumstances." Harris likewise filed a response to Branchik's motion to dismiss/for summary judgment, also stating that she did not oppose dismissal of all claims pending against Branchik.
 
 
 6
 Based on the agreement of Hardees and Harris, the district judge granted Branchik's motion for dismissal. Branchik filed a Request for Clarification of Order regarding her motion as to whether the district court intended only that all claims be dismissed against Branchik, or whether the suit was to be removed to state court. Hardees filed a motion for dismissal for lack of subject matter jurisdiction asserting that the entire case should be dismissed due to, inter alia, lack of diversity between the parties at the time the suit was filed.
 
 
 7
 The district court entered an Amended Order dismissing the action without prejudice, stating that "the Court has reviewed the record and concluded that the entire case should have been dismissed upon a finding that there was a lack of complete diversity of citizenship between the Plaintiff and all of the Defendants." Harris thereafter filed a Fed.R.Civ.P. 59(e) motion to alter or amend the order, asserting that at the time the district court dismissed the case, the only two parties were Harris and Hardees, and that there was complete diversity between the two remaining parties. The district judge denied Harris's motion to amend or alter judgment. Harris timely appeals.
 
 
 8
 A party's state citizenship is assessed for diversity purposes at the time the action is filed. Freeport-McMoRan, Inc. v. KN Energy, Inc., 59 U.S.L.W. 3558 (U.S.1991); 13B Charles A. Wright, et al., Federal Practice and Procedure Sec. 3608 (1984). Consequently, the test for diversity is whether, on December 31, 1991, when Harris filed her complaint, Branchik was a citizen of Pennsylvania or of Maryland. The record establishes that Branchik and Harris were both citizens of Maryland when the suit commenced. Thus, diversity never existed from the outset.
 
 
 9
 Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The defense of lack of subject matter jurisdiction is expressly preserved against waiver by this subsection. Fed.R.Civ.P. 12(h)(3) advisory committee's note.
 
 
 10
 Accordingly, we find that the district court properly dismissed the entire case for lack of complete diversity of citizenship between Plaintiff and both Defendants. We affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 While Harris's complaint alleged an amount in controversy of $20,000, she claimed damages in the amount of $900,000. Harris later amended the "typographical error" to allege an amount in controversy in excess of $50,000, in compliance with 28 U.S.C.A.Sec. 1332(a)
 
 
 [2]
 The Maryland citizenship of Harris and the North Carolina citizenship of Hardees for diversity purposes is not in issue