41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harlan KERMAN, Plaintiff-Appellant,
v.
H & L REALTY & MANAGEMENT COMPANY; LB Real Properties
Corporation; Merle Thompson; Nancy Bloomgarden;
Prime Properties; Mark Stone,
Defendants-Appellees.
 No. 93-16020.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided Nov. 18, 1994.
 
 Before: CANBY, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court correctly concluded that Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426 (1991) (per curiam), did not overturn Owen Equipment & Erection Company v. Kroger, 437 U.S. 365 (1978). Freeport at 428-29. For the plaintiff to add nondiverse defendants to a diversity action still destroys diversity. See Owen at 374. Mr. Hirsh therefore wrongly relied on Freeport as authority for his addition of Mark Stone and Prime Properties, Inc. as defendants.
 
 
 3
 The district court erred, however, in imposing Rule 11 sanctions against Hirsh without first giving the required notice. Tom Growney Equip., Inc. v. Shelley Irrigation Dev., 834 F.2d 833, 836-37 (9th Cir.1987). The entertainment of Hirsh's subsequent motion to vacate the order imposing sanctions did not cure the court's error because Hirsh, as movant, carried the burden of overturning a decision already reached. Id. at 837.
 
 
 4
 We vacate the order imposing sanctions and remand to the district court with instructions to provide Hirsh with notice of the court's intent to impose sanctions and a hearing prior to the imposition of any sanction.
 
 
 5
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3