Bailey Corp. v. Premix/E.M.S., Inc.    CV-96-600-JD   12/08/97
               UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE

Bailey Corporation

        v.                              Civil No. 96-600-JD

Premix/E.M.S., Inc., et al.


                            O R D E R


     The plaintiff, Bailey Corporation ("Bailey"), amended its

complaint against defendant Premix/E.M.S., Inc. ("E.M.S.") to add

new claims against the following additional defendants:  Premix,

Inc., Shell Polymers Ventures Inc., Shell Oil Company, Terratherm

Environmental Services, Inc., John Maimone, David Denny, Jon

Lawrence, and W. Allan Zama.  Before the court are defendant

E.M.S.'s motion to dismiss for lack of subject matter juris-

diction (document no. 36), the plaintiff's second motion to amend

its complaint (document no. 45), and the plaintiff's motion for

an extension of time to serve the defendants (document no. 48).


                          Background[1]

     Prior to the transactions that gave rise to this litigation,

defendant E.M.S. was a subsidiary of defendants Shell Polymers

_____

     [1]The facts relevant to the instant motions are not in dispute.
The court assumes a familiarity with the factual and procedural
background of the case described more fully in its order of May
15, 1997, and recites here only those facts relevant to the
resolution of the instant motions.

Ventures Inc. ("Polymers") and Premix, Inc. In an agreement dated July 13, 1997, plaintiff Bailey agreed to buy part of E.M.S. After closing the deal, disputes arose over the calculation of the amount due. In the period after the sale E.M.S. did not perform up to Bailey's expectation and posted an $11.3 million loss. Bailey alleges that E.M.S.'s poor performance occurred because the defendants had misrepresented E.M.S.'s assets, liabilities, and profitability. After renegotiations the parties entered into a release and settlement agreement (the "agreement") which enumerated the parties' rights and liabilities.

On December 3, 1996, the plaintiff filed a complaint seeking declaratory judgment that the agreement between the plaintiff and the defendant is invalid and unenforceable. Defendant E.M.S.'s answer and counterclaims were filed on May 16, 1997. They included a counterclaim for a declaration that the agreement was valid and enforceable. Jurisdiction was premised on the diversity of the parties. At the time of filing the plaintiff was a Delaware corporation with its principal place of business in New Hampshire. Defendant E.M.S. is an Ohio corporation with its principal place of business in Ohio.

On June 2, 1997, the court granted the plaintiff's first amendment to its complaint adding eight new parties as well as

new fraud claims.[2]  Three of the new defendants, including Polymers, were non-diverse as to the plaintiff because they were also incorporated in the state of Delaware.  On June 12, 1997, defendant E.M.S. filed a motion to dismiss for lack of subject matter jurisdiction because of the lack of complete diversity.  Thereafter, on June 28, 1997, the plaintiff merged into its corporate parent, Venture Holdings Corporation, becoming a Michigan corporation with its principal place of business in New Hampshire.  On July 29, 1997, it filed a second motion to amend to reflect its new corporate citizenship.

The plaintiff argues, <u>inter alia</u>, that its re-incorporation in Michigan has corrected the jurisdictional defect, and there-fore this court should deny defendant E.M.S.'s motion to dismiss.  The plaintiff reasons as follows:  first, because the added parties are not necessary and indispensable to the suit, their addition does not destroy the court's diversity jurisdiction; second, the plaintiff's second amendment to its complaint should be granted because it was pursuant to independent business purposes; third, if granted, the second amendment would cure the diversity defect; and finally, not granting the second amendment

---

[2]As mentioned, the newly added defendants were: Premix, Inc., Shell Polymers Ventures Inc., Shell Oil Company, Terratherm Environmental Services, Inc., John Maimone, David Denny, Jon Lawrence, and W. Allan Zama.

would constitute a waste of judicial resources because, having regained diversity, the plaintiff would simply refile this case with the district court. The issue in this case is whether adding the non-diverse parties destroyed the court's jurisdiction, and if so, whether diversity can be retroactively restored by the plaintiff's subsequent re-incorporation.

## Discussion

"When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989). The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. See id. The Supreme Court has stated that "diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." Freeport-McMoRAN v. K N Energy, Inc., 498 U.S. 426, 428 (1991). However, this is limited to the addition of parties that are not necessary and indispensable to the action. See id.; see also Whalen v. Carter, 954 F.2d 1087, 1096 (1992) (explaining that "the addition of a non-diverse party does not defeat diversity jurisdiction unless the party was indispensable at the time the plaintiff filed its complaint.")

-4-

The determination of whether a party is indispensable pursuant to Rule 19 of the Federal Rules of Civil Procedure requires a two-prong analysis. See Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1207 (D.N.H. 1992). First the court must determine whether the party to be joined is a "necessary" party under Rule 19(a). According to the Federal Rules of Civil Procedure a party is necessary if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If the party is necessary but cannot be joined, then the court proceeds to the second prong of the analysis as outlined in Rule 19(b). According to Rule 19(b) the court must decide whether "in equity and good conscience the action should proceed among the parties before it or [whether the action] should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). Rule 19(b) offers the following guidelines for determining indispensability:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping

-5-

of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The outcome is determined not through a rigid application of these factors, but rather through a balancing of the four factors along with other equitable considerations. See Ferrofluidics, 789 F. Supp. at 1207.

I.   Defendant's Motion to Dismiss

Defendant E.M.S.'s motion to dismiss is based on the assertion that at the time the motion was filed, the plaintiff and three of the newly named defendants shared the same state of incorporation. The plaintiff, relying on the holding of Freeport, replies that the addition of non-diverse defendants did not destroy the diversity jurisdiction which was established when the initial complaint was filed.

In Freeport, the plaintiff, a Delaware corporation with its principle place of business in Louisiana, brought suit alleging that the defendant, a Kansas corporation with its principal place of business in Colorado, had failed to pay the parties' contract price for natural gas. See id. at 427. After the suit was filed, the plaintiff transferred its interest in the contract to FMP Operating company ("FMPO"), a limited partnership whose

-6-

partners included citizens of Kansas and Colorado.  See id.  The district court permitted the addition of FMPO as a plaintiff and the defendant appealed.  See id.  The Supreme Court held that the addition of the non-diverse plaintiff -- who had no interest in the action when the suit was filed -- did not destroy jurisdiction.  See id. at 428.  The Court explained that "[a] contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation."  Id. at 428-29.

Freeport is factually distinguishable from this case.  In Freeport the newly added parties to the suit had no interest in the suit when it was filed.  In this case, Polymers, the parent company of E.M.S., was implicated and had an interest in the final disposition of the matter.  The plaintiff's complaint asked the court to declare the March 14, 1996, agreement, to which Polymers was a party, voidable.  The agreement reads, in pertinent part:

> Bailey hereby, for itself and its affiliates, successors and assigns, releases and discharges fully EMS, its affiliated companies[,] including parent and subsidiary companies, and divisions, and their directors, officers, employees, agents, successors and assigns from any and all claims, liabilities, demands and cause of action . . . .

Release and Settlement Agreement, ¶ 8 (emphasis added).  Since Polymers, as the parent company of E.M.S., is a direct

beneficiary of the release agreement, a litigation in its absence would impede and impair its ability to protect its interest. Moreover, under Rule 19(b), Polymers is also an indispensable party because a judgment in its absence that voids the release would be prejudicial to it and would allow the plaintiff to pursue fraud charges against Polymers and its agents. Therefore, Polymers is a necessary and an indispensable party whose addition to the suit destroys diversity. Defendant E.M.S.'s motion to dismiss for lack of subject matter jurisdiction (document no. 36) is granted.

II. E.M.S.'s Claim that the Court Should Retain Jurisdiction Over Its Counterclaims

E.M.S. also argues that while the plaintiff's claim must be dismissed for lack of jurisdiction, the court should retain jurisdiction over its counterclaims. In this regard, E.M.S. asserts that because there has been, and continues to be, complete diversity between the plaintiff and defendant E.M.S., the lack of diversity between the plaintiff and the other defendants ought not preclude adjudication of the counterclaims.

Because the defendant's counterclaims arise from the same transaction as the underlying claim, the counterclaim is compulsory. It is in fact a mirror image of the underlying

claim. Having concluded that Polymers is necessary and indispensable to Bailey's claim against E.M.S., the court is also compelled to conclude that Polymers is necessary and indispensable to E.M.S.'s counterclaims against Bailey. Therefore, the court may not retain jurisdiction over E.M.S.'s counterclaims.

## III. Plaintiff's Second Motion to Amend Complaint

The plaintiff has also requested that it be allowed to amend its complaint a second time. However, E.M.S.'s motion to dismiss for lack of subject matter jurisdiction was filed prior to plaintiff's change of corporate citizenship and the court has now granted that motion. Therefore, at this point in time the court does not have jurisdiction to grant the plaintiff's second motion to amend.

The plaintiff nonetheless urges the court to grant its motion, arguing that the principle of judicial economy weighs in favor of ignoring the gap in jurisdiction. In support of this proposition, the plaintiff relies heavily on the holding of Newman-Green, which allows the court to create retroactive diversity by dismissing a non-diverse citizen. See 490 U.S. at 837. The plaintiff argues by analogy that judicial economy is better served by allowing it to amend its complaint because even

if the motion were denied it would simply re-file in the district court.  Moreover, the plaintiff argues that amendment is proper as the parties will not be prejudiced by creating retroactive jurisdiction.

In Newman-Green, the plaintiff brought suit against a Venezuelan corporation, four Venezuelan citizens, and an American citizen domiciled in Venezuela.  See id. at 828.  The question of diversity jurisdiction was first raised by an appellate judge during oral argument, independent of the arguments of counsel.  See id.  The panel invited and granted the plaintiff's motion to dismiss the non-diverse party.  See id. at 829.  The Supreme Court held that in the interest of judicial economy an appellate court may grant a motion to dismiss a dispensable non-diverse party and need not remand the case to district court for dismissal.  See id. at 832-834.

Unlike Newman-Green, which was under appellate review when the subject of diversity jurisdiction was raised, the present case is in its early stages.  Since challenges to subject matter jurisdiction cannot be waived and may be raised by either party, or sua sponte by the court, judicial economy is best served by dismissing the case at an early stage and having it proceed in a correct procedural posture without the cloud of a jurisdictional issue which might be raised at a later stage of the litigation.

Therefore, the court denies the plaintiff's second motion to amend.[3]


Conclusion

For the reasons stated above, defendant E.M.S.'s motion to dismiss the plaintiff's claim for lack of subject matter jurisdiction (document no. 36) is granted, and the plaintiff's second motion to amend its complaint (document no. 45) is denied. The plaintiff's motion for extension of time to serve defendants (document no. 48) is denied as moot.  The case is dismissed without prejudice to the parties to refile their claim.  The clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
District Judge

December 8, 1997

cc:  Arpiar G. Saunders Jr., Esquire
     Steven A. Solomon, Esquire
     Paul Lieberman, Esquire
     Robert D. Cohan, Esquire
     Richard C. Nelson, Esquire
     Thomas L. Anastos, Esquire

_____

[3]Because the court is dismissing the case for lack of subject matter jurisdiction, it need not consider whether the plaintiff's merger with its parent company was for collusive reasons.