Brent D. BUTCHER, Plaintiff,

v.

Lewis HILDRETH, Roger Ludwig, Richard Hunter and Robert A. Morrow, Defendants.

Lewis HILDRETH, Roger Ludwig, Richard Hunter and Robert A. Morrow, Counterclaimants,

v.

Brent D. BUTCHER, James E. Barfield, and Pointe Financial Corporation, Counterdefendants,

No. 2:96 CV 00347K.

United States District Court,
D. Utah,
Central Division.

Feb. 11, 1998.

---

MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

KIMBALL, District Judge.

This matter is before the court on Plaintiff's Motion to Dismiss and Motion to Remand pursuant to 28 U.S.C. § 1447(c). This matter came on for hearing on Thursday, January 29, 1998. Plaintiff, Brent Butcher, was represented by Mr. Denver Snuffer. Defendants/Counterclaimants were represented by Mr. Dan R. Waite and Mr. Brent V. Manning. Oral argument was heard and the court took the matter under advisement. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties. The court has further considered the law and facts relevant to Plaintiff's motion. Now being fully advised, the court enters the following memorandum and order.

## BACKGROUND

This action was originally filed by Brent D. Butcher in the Third Judicial District Court for Summit County, State of Utah. Defendants removed the action to this court pursuant to 28 U.S.C. § 1332, diversity jurisdiction. Mr. Butcher is a Utah citizen and defendants Hildreth, Ludwig, Hunter and Morrow are all citizens of Nevada. After the removal of the action the defendants filed a counterclaim against Mr. Butcher. Mr. Butcher then filed a Motion to Dismiss for Failure to Join James Barfield, a Nevada Citizen, as an Indispensable Party pursuant

to Fed. R. of Civ. Pro. Rule 19.[1] In an Order dated September 22, 1997 the Honorable J. Thomas Greene granted Plaintiff's Motion to Dismiss and ordered that the defendants had twenty days to add Mr. Barfield as a party which defendants accomplished. The fact that Judge Greene ordered the action dismissed absent Mr. Barfield's joinder makes it clear that Mr. Barfield was viewed as an indispensable party. Subsequently, plaintiff filed a Motion to Dismiss and Remand on the basis that the addition of Mr. Barfield as a party destroys diversity and this court no longer has jurisdiction. Defendants argue that this court has supplemental jurisdiction over the counterclaim because it is a compulsory counterclaim, regardless of the fact that the additional party destroys diversity.

## DISCUSSION

This matter presents the interesting question of whether or not this court has jurisdiction over a claim when an indispensable party has been added whose addition destroys diversity jurisdiction, in the situation where jurisdiction over the original claim is based not upon a federal question pursuant to 28 U.S.C. § 1331, but upon diversity of citizenship pursuant to 28 U.S.C. § 1332. In the matter at hand, the original plaintiff, Mr. Brent Butcher, is a citizen of Utah and all original defendants are citizens of Nevada. This matter was removed from Utah State Court based upon the diversity of the parties and the amount in controversy. There is not a federal question presented in either the original claim or the counterclaim, or for that matter in the third party complaint. As stated above, upon removal of this matter the defendants filed a counterclaim against Mr. Butcher. This triggered Plaintiff's Motion to Dismiss for Failure to add Mr. Barfield as an Indispensable Party.[2] Mr. Barfield is also a Nevada citizen. The way the action stands

now is that Butcher, a Utah citizen, is suing Hildreth, Ludwig, Hunter and Morrow, all Nevada Citizens. This was the basis for the original diversity jurisdiction. With the addition of Barfield, the defendants, Hildreth, Ludwig, Hunter and Morrow, Nevada citizens, are suing Butcher, a Utah citizen, Barfield, a Nevada citizen, and Pointe Financial, a Nevada corporation.[3] Plaintiff argues that because Barfield is aligned with the plaintiff in this matter as a party in interest, and Barfield is a citizen of Nevada as are the defendants, diversity jurisdiction is destroyed and the matter must be remanded to state court.

■ In *Anschutz Corporation v. Natural Gas Pipeline Co.*, 632 F.Supp. 445 (D.Utah 1986), the court held that:

> When a federal court examines a case to determine if it has jurisdiction based on diversity, the court must realign the parties according to their real interests in the litigation before determining diversity: "In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests. When appropriate, parties will be realigned; however, this is to be done only after real rather than apparent interests have been ascertained."

*Id.* at 448–49 *(citations omitted)*. Based upon this ruling, plaintiff argues that Barfield and Pointe Financial are properly aligned as party plaintiffs in that their real interest lies with that of Mr. Butcher. The defendants argue that this is not necessarily true and point out that there are potential causes of action between Butcher and Barfield. Although there may be future causes of action between Butcher and Barfield, for purposes of this cause of action, Barfield is more properly aligned with the plaintiff than

1. The defendants argue that Mr. Barfield was not brought in as a party plaintiff under Rule 19 of the Federal Rules of Civil Procedure. It is accurate that Mr. Barfield was brought in as a third party defendant. However, this court views Mr. Barfield as an involuntary plaintiff based upon Judge Greene's ruling and the respective interests of the parties in this matter and therefore considers his joinder to be pursuant to Rule 19.

2. As previously stated, this court finds that Judge Greene's September 22, 1997 Order which dismissed the counterclaim giving the defendants twenty days to add Mr. Barfield was based upon the finding that Mr. Barfield was an indispensable party.

3. Pointe Financial was joined as a party in conjunction with James Barfield.

with the defendants. Mr. Barfield is in this case due to the fact that plaintiff requested he be joined as an indispensable party. The reason for this seems to be at least in part, due to the fact that if defendants are successful on their counterclaim, it may in fact be Mr. Barfield who is liable and not Mr. Butcher. This court does not find that Mr. Barfield's "real interest" lies with the defendants and, therefore, it would be improper to realign him as a defendant. Mr. Barfield's interest seems to be more akin to that of an involuntary plaintiff and that is how he will be and remain aligned. Under this analysis, his joinder, along with that of Pointe Financial, destroys diversity jurisdiction.

■ . Defendants next argue that because this court has jurisdiction over the original claim that was removed from state court, this court has supplemental jurisdiction over the counterclaim and the indispensable third party even if diversity jurisdiction does not exist as to that claim. To support this argument defendants cite to 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1414 (2d ed.1990) and 3 Moore's Federal Practice ¶ 13,15[1] (2d ed.1996) along with supporting cases. In reviewing § 1414 it appears that this section is more applicable to situations where the court has subject matter jurisdiction over the original claim pursuant to § 1331, and thereafter a compulsory counterclaim is brought in which the court does not have subject matter jurisdiction and there is not diversity between the parties which would give the court diversity jurisdiction. In that situation it seems clear that the original claim would act as a crutch which the compulsory counterclaim could lean on and the court would have jurisdiction over the entire action. However, where jurisdiction over the original action is based solely on diversity, and the joinder of a third party destroys diversity, even in the case of a compulsory counterclaim, the answer is far from clear.

In order to answer the question presented one must look to the supplemental jurisdiction statute at 28 U.S.C. § 1367. That statute reads in pertinent part that:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, **or over claims by persons proposed to be joined as plaintiffs under rule 19 of such rules,** or seeking to intervene as plaintiffs under rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b) (*emphasis added*). Based on this court's finding that Mr. Barfield is properly aligned as an involuntary plaintiff, under Rule 19, under this statute this court does not have jurisdiction. Defendants argue that this statute does not apply in that it states that "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure....," and this matter does not involve a claim made by the plaintiff. However, one must also comply with the mandate of the following sentence of § 1367, which states that the district court shall not have jurisdiction "over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules ...." It is this language of § 1367 that applies to the case at hand. This court finds that Mr. Barfield was added as an involuntary plaintiff and therefore, his joinder destroys diversity.

Although it is recognized that other circuits have held that one need only look at the original cause of action to determine jurisdiction, the Tenth Circuit has held that federal courts do not have jurisdiction in situations such as the one at hand. In *McMoRan Oil and Gas Company v. KN Energy*, 907 F.2d 1022 (10th Cir.1990), the Court addressed the question of whether or not subsequent changes and alterations to a claim, such as the addition of a party, can deprive the court of jurisdiction. The Court held that "although complete diversity was present when the complaint was filed, our inquiry now focuses on whether the addition of a party plaintiff, ... destroys the court's subject

matter jurisdiction." *Id.* at 1024. The Court held that the addition of a party plaintiff does destroy the court's jurisdiction when that party's citizenship destroys diversity. *See id.*

The *McMoRan* opinion was overturned in *Freeport–McMoRan v. K N Energy, Inc.,* 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). However, the Court overturned that opinion for reasons that are distinguishable from the case at hand. First, FMPO, the party joined as a plaintiff under Rule 25(c) of the Federal Rules of Civil Procedure, was a limited partnership whose partners included citizens of Kansas and Colorado. The defendant was a Kansas corporation with its principal place of business in Colorado. Diversity jurisdiction was only destroyed in so far as FMPO had partners who were citizens of the same state as the defendant. In this matter, Mr. Barfield is an individual whose citizenship is the same as that of all of the defendants. This presents a different situation from that in *Freeport–McMoRan.* Secondly, the *Freeport–McMoRan* Court based its decision, at least in part, on the fact that FMPO was not an indispensable party and that diversity should not be destroyed by the "intervention... of a party whose presence is not essential to a decision of the controversy between the original parties." *Id.* 498 U.S. at 428. In this matter Mr. Barfield's presence is essential to solve the controversy between the original parties and therefore his joinder destroys diversity.

This court further recognizes that there is authority to support the defendants' argument. In particular, Section 1434 of Wright & Miller seems to suggest that jurisdiction is not destroyed when dealing with a compulsory counterclaim, as do some of the comments to 28 U.S.C. § 1447, which sets forth the conditions under which a court must remand. However, this court believes that the more recent and better reasoned authorities, particularly 28 U.S.C. § 1367, govern in this matter and that this court lacks jurisdiction over the claims before it.

Therefore, it is hereby

ORDERED that Plaintiff's Motion to Remand is GRANTED and that this matter be REMANDED in its entirety to the Third Judicial District Court for Summit County, State of Utah.