**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-2281**

---

MILTON JONES, JR.; WALTER DAVIS; ANGELA WEBB,

                    Plaintiffs - Appellees,

          v.

CERTUSBANK NA; BENJAMIN WEINGER; 3-SIGMA VALUE FINANCIAL
OPPORTUNITIES LP,

                    Defendants - Appellants.

---

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Timothy M. Cain, District Judge.
(6:14-cv-01633-TMC)

---

Submitted:  April 30, 2015              Decided:  June 9, 2015

---

Before NIEMEYER and DUNCAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Charles E. McDonald, III, Lemuel G. Geddie, Jr., OGLETREE
DEAKINS NASH SMOAK & STEWART, PC, Greenville, South Carolina;
William W. Wilkins, Burl F. Williams, Andrew A. Mathias, NEXSEN
PRUET, LLC, Greenville, South Carolina, for Appellants.  Richard
A. Harpootlian, RICHARD A. HARPOOTLIAN, PA, Columbia, South
Carolina; Wilmer Parker, MALOY JENKINS PARKER, Atlanta, Georgia,
for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milton E. Jones, Jr., Walter Davis, and Angela Webb filed a complaint against CertusBank NA, Benjamin Weinger, and 3-Sigma Value Financial Opportunities, L.P., alleging state-law civil conspiracy and tort claims arising out of the termination of their employment. Defendants appeal the district court's order dismissing the complaint without prejudice for lack of diversity jurisdiction. Finding no error, we affirm.

Diversity jurisdiction exists when there is complete diversity among the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (2012). Complete diversity requires "the citizenship of each plaintiff [to] be different from the citizenship of each defendant," Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014), and "is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

Citizenship for purposes of § 1332 depends on domicile. Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir. 1998). "Domicile requires physical presence, coupled with an intent to make the State a home." Johnson v. Advance Am., 549 F.3d 932, 937 n.2 (4th Cir. 2008). "We review the district court's factual findings with respect to jurisdiction for clear error and the legal conclusion that flows

2

therefrom <u>de novo</u>." <u>Velasco v. Gov't of Indonesia</u>, 370 F.3d 392, 398 (4th Cir. 2004).

Upon review, we conclude that the district court's factual findings regarding Davis' domicile are not clearly erroneous. As the court recognized, some facts weighed in favor of a finding that Davis was domiciled in North Carolina, including that Davis' vehicles were registered and taxed in North Carolina. However, considering the totality of the circumstances, the court permissibly found that Davis was domiciled in South Carolina at the time Plaintiffs filed suit. Thus, because CertusBank also was domiciled in South Carolina, the court properly dismissed the complaint for lack of diversity jurisdiction.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>