# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2020

Lyle W. Cayce
Clerk

No. 20-10381
Summary Calendar

---

Christiana Trust, a Division of Wilmington Savings
Fund Society, FSB, as Trustee,

*Plaintiff*,

*versus*

Duane Riddle, *as next friend of* Mary Sue Riddle,

*Defendant-Third Party Plaintiff—Appellant*,

*versus*

U.S. Bank National Association as Legal Title Trustee
for Truman 2016 SC6 Title Trust,

*Intervenor—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CV-59

---

No. 20-10381

Before King, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Mary Sue Riddle defaulted on a home-equity loan, and Christiana Trust—the holder of that loan—sued her in federal court in an attempt to foreclose on Riddle's property. Riddle filed various counterclaims against Christiana Trust, including a state-law claim seeking to quiet title. Christiana Trust moved the district court for summary judgment regarding Riddle's counterclaims.

The district court granted that motion. Because Riddle was required to "show her superiority of title as opposed to any weakness in Christiana Trust's title," the district court concluded that Riddle's failure to "tender[] the full amount owed" on the loan was "fatal to her [quiet-title] claim." The district court accordingly held that there was "no impediment to Christiana Trust's request to proceed with foreclosure," and it therefore ordered Christiana Trust to "move for judgment as a matter of law as to" its foreclosure claim.[1]

Christiana Trust did not, however, file such a motion. Instead, it informed the district court that Riddle's loan had been assigned to U.S. Bank while the case was pending. U.S. Bank then filed a motion to intervene, which the district court granted. U.S. Bank also filed a motion for summary judgment regarding its foreclosure claim. The district court granted that motion, because "[t]he Deed of Trust clearly gives a power of sale to U.S. Bank" and "Riddle fail[ed] to . . . present[] affirmative evidence that would

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] The district court believed that such a motion was necessary, because Christiana Trust's motion for summary judgment "addressed the claims Riddle had asserted" but "failed to request summary judgment in its favor."

call into question U.S. Bank's right to judicially foreclose on the subject property."

On appeal, Riddle does not challenge the district court's summary-judgment reasoning. Instead, Riddle argues that the district court erred by allowing U.S. Bank to intervene. This is so, according to Riddle, because U.S. Bank's motion to intervene was not timely, and because there was "nothing for U.S. Bank to intervene in" since this case became moot when Christiana Trust assigned the loan.

But the assignment of Riddle's loan did not, in fact, render this case moot, because a live controversy—albeit between different parties—persisted. Fed. R. Civ P. 25(c) ("[I]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."); *In re Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. Unit B Mar. 1981) ("Rule 25(c) . . . is designed to allow the action to continue unabated when an interest in the lawsuit changes hands."); *see In re Tex. Gen.*, No. 93-2399, 1994 WL 24886, at *1 (5th Cir. Jan. 12, 1994) (unpublished but precedential) (concluding that it was erroneous to dismiss a claim for lack of standing due to a transfer of interest that occurred while litigation was pending); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("A contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation.").

Further, under Rule 25(c), U.S. Bank could have obtained a favorable judgment in this case without becoming a party; that is, Christiana Trust could have litigated this case to final judgment, which U.S. Bank would have been entitled to enforce. *See FDIC v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) (successor in interest "was not required under Rules 25(c) and (a)(3)

to substitute as a transferee of the FDIC" to have standing to enforce a judgment); *TOC Retail, Inc. v. Gulf Coast Oil Co. of Miss.*, No. 97-30969, 1999 WL 197149, at *12 (5th Cir. Mar. 25, 1999) (unpublished) (denying a motion for substitution of a party on appeal when there was a dispute about whether a transfer of interest had occurred, because under Rule 25(c), "[t]he judgment of the district court . . . can be enforced by the parties' successors to the extent appropriate under the terms of the various contracts"); 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1958 (3d ed. 2020) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named."). Consequently, if the district court erred by allowing U.S. Bank to intervene, that error was harmless.

We therefore AFFIRM the judgment of the district court.