NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1652
_____

UNITED STATES OF AMERICA

v.

LEWIS WHOOLERY,
                    Appellant


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Cr. No. 2-10-cr-00144-002)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 14, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion Filed: January 19, 2021)


_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge.*

In this appeal, we are asked to review Lewis Whoolery's request for "an order forcing the district court to place docket entry 354 back on its official docket report and available to the public to see even if law and motion proceedings might be required to unseal portions of it." Appellant's Br. 10. As we explain below, we conclude that the District Court did not abuse its discretion in denying Whoolery's motion to restore Docket Entry 354 to the docket. We will therefore affirm the District Court's order.

## I.  Background

In 2001, Whoolery started First Capital Home Equity, a Pittsburgh-based residential mortgage broker. Through this company, Whoolery and his employees prepared over 400 fraudulent mortgage loans. In January 2013, a jury found Whoolery guilty of conspiring to commit wire fraud. The District Court sentenced him to 120 months in prison followed by three years of supervised release and ordered him to pay restitution over $1.7 million. He appealed, and we affirmed his conviction in September 2014.

In 2015, Whoolery, appearing pro se, filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, a brief in support, and an appendix. Filed on the docket at Docket Entry 354, the appendix consisted of 102 exhibits totaling approximately 1,000 pages. While Whoolery's § 2255 motion was pending, he filed six motions seeking relief related to his motion, all of which were denied by the District Court. This denial triggered a series of additional filings by Whoolery, none of which resulted in any relief in his favor. The District Court denied Whoolery's habeas petition, and we declined to

issue a certificate of appealability.

In October 2019, Whoolery obtained pro bono counsel who moved, pursuant to Federal Rule of Civil Procedure 60(b), to set aside the judgment of conviction and obtain Whoolery's immediate release based on his claim of actual innocence. In preparation for an evidentiary hearing, Whoolery's counsel discovered that Docket Entry 354 was not available on the public docket. Whoolery filed a motion seeking an order directing the Clerk's Office to restore "the [District] Court's official docket and all records referenced therein . . . to the precise condition" the docket was in when the District Court denied Whoolery's habeas corpus petition.[1] Suppl. App. 7.

The District Court denied Whoolery's motion, noting that the motion was "apparently based upon a fundamental misunderstanding by counsel" as "[t]he documents that counsel believes are 'missing' are, in fact, still on the docket and part of the file. Counsel's speculations regarding removal of information are unsupported." App. 4. Although Docket Entry 354 was modified "to restrict access, after the court identified personal information . . . in certain exhibits," "all the exhibits remain accessible to the court on the CM/ECF system." *Id.* (quoting text of Docket Entry 354). In closing, the District Court reminded Whoolery's counsel "of his professional duty to conduct a diligent investigation before making representations to the court." App. 5 (citing Fed. R. Civ. P. 11(b), (c)). This appeal followed and "only addresses docket entry 354." Appellant's Br. 9.

---

[1] Whoolery's underlying motion also addressed access to Docket Entry 376. Access to that document is not at issue before us.

## II.    Jurisdiction

The District Court had jurisdiction, pursuant to 28 U.S.C. § 2255.  This Court has appellate jurisdiction, pursuant to 28 U.S.C. § 1291.[2]

## III.    Standard of Review

We review a District Court's decision regarding case management for abuse of discretion.  *United States v. Schiff*, 602 F.3d 152, 176 (3d Cir. 2010).

---

[2] The Government, in its brief, asserts that this Court lacks subject matter jurisdiction because Whoolery lacks Article III standing.  Indeed, the Supreme Court recognizes that "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement [under Article III], because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The Government seems to conflate Article III standing with a defendant's right to file motions with respect to his existing habeas corpus case.  Once a court assumes jurisdiction over a case, it retains jurisdiction to decide any and all motions that are germane to the case.  *Cf. Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").  Here, Whoolery filed a motion with respect to his habeas corpus petition.  It is unquestionable that Whoolery has standing and, as such, this Court has jurisdiction with respect to his habeas corpus case.

Even if Whoolery's motion were not related to his habeas case, he would still have standing.  This Court has recognized a common law right of access to judicial proceedings and records.  *See N. Jersey Media Grp. Inc v. United States*, 836 F.3d 421, 434 (3d Cir. 2016).  That right includes the "right to inspect and copy public records and documents, including judicial records and documents" and is "particularly compelling" when those asserting the right are parties to the litigation.  *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  If a person is denied that access, it is a sufficiently concrete injury to establish standing.  *See Carlson v. United States*, 837 F.3d 753, 758 (7th Cir. 2016) (concluding that an "injury-in-fact can arise from a . . . common law source" and that the plaintiff only needed to allege a "colorable claim" of a "[common law] right to access . . . documents" to show an injury-in-fact).  Thus, Whoolery has Article III standing to pursue the relief he seeks in this motion.

## IV. Discussion

We are faced here with what appears to be a simple request from Whoolery's counsel – restore public access to Docket Entry 354. That request, which has now spilled much ink in what appears to be an increasingly hostile discourse between Whoolery's counsel and the government, had two parts. Specifically, Whoolery sought (1) to ensure the courts (both the District Court and this Court) had access to Docket Entry 354 and (2) to provide public access to Docket Entry 354.[3]

When the District Court restricted access to Docket Entry 354, it did so in order to protect personal information.[4] Following both FED. R. CRIM. P. 49.1 and FED. R. CIV. P. 5.2., the Local Rules of the Western District of Pennsylvania obligate a filer to redact from filings specific personal data identifiers. LCvR 5.2D.[5] These rules are in place to

---

[3] We note that Whoolery's requests, both to the District Court and to us, were presented in what we will charitably describe as a hostile, unprofessional, and accusatory manner. We remind counsel of his responsibilities under the Pennsylvania Code of Civility to "speak and write in a civil and respectful manner in all communications with the court, court personnel, and other lawyers." 204 Pa. Code § 99.3; *see* 3d Cir. R. Att'y Disciplinary Enf't 2.1(d) ("A member of the bar of this Court may be disciplined by this Court as a result of the following misconduct . . . conduct that violates the Rules of conduct of any court of . . . any state . . . of the United States to which the respondent is subject.").

[4] On the record before us, it is unclear to whom the personal information relates.

[5] Local Rule 5.2D provides that "[a] filed document in a case (other than a social security case) shall not contain any of the personal data identifiers listed in this rule unless permitted by an order of the Court or unless redacted in conformity with this rule. The personal data identifiers covered by this rule and the required redactions are as follows: 1. Social Security Numbers . . . 2. Names of minor children . . . 3. Dates of birth . . . 4. Financial account numbers. If financial account numbers must be included, only the last four digits shall be used."

protect the parties' personal information from the public.  As explained in the Advisory

Committee Notes for FED. R. CRIM. P. 49.1 and FED. R. CIV. P. 5.2,

> [t]he rule is derived from and implements the policy adopted by the Judicial
> Conference in September 2001 to address the privacy concerns resulting
> from public access to electronic case files . . . The Judicial Conference
> policy is that documents in case files generally should be made available
> electronically to the same extent they are available at the courthouse,
> provided that certain 'personal data identifiers' are not included in the
> public file.

FED. R. CRIM. P. 49.1 and FED. R. CIV. P. 5.2 advisory committee's note to 2007

adoption.  While Whoolery did not err in his initial pro se filing, as FED. R. CIV. P.

5.2(b)(6) and FED. R. CRIM. P. 49.1(b)(6) exempted him from the redaction requirement,[6]

the District Court acted on its own initiative beyond the provisions of the rules to protect

privacy, which is why Docket Entry 354 is inaccessible to the public.

Before the District Court, Whoolery's counsel focused on his concern about

ensuring that both the District Court and the Court of Appeals had access to Docket Entry

354, as well as commenting on the need for public access to the docket.  *See, e.g.*, Suppl.

App. 13 ("Not only is public access to all such records guaranteed under controlling law

in this Circuit, but neither Whoolery nor this Court can proceed to appellate review in this

matter without knowing with a certainty that [this Court] is receiving the full and

complete record.").  The District Court responded to these concerns in its order, noting

that "[t]he documents that counsel believes are 'missing' are, in fact, still on the docket

---

[6] FED. R. CIV. P. 5.2(b)(6) and FED. R. CRIM. P. 49.1(b)(6) state that "[t]he
redaction requirement does not apply to . . . a pro se filing in an action brought under 28
U.S.C. §§ 2241, 2254, or 2255."

and part of the file." App. 4.  The District Court denied the motion because Docket Entry 354 was, in accordance with the Local Rule, not missing and continues to be retained by the District Court as part of the record.  *See* LCvR 5.2F.  By denying the motion, the District Court did not abuse its discretion.[7]

## V.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

---

[7]  Although counsel alludes to his lack of access to Docket Entry 354 in passing, it is not part of the relief he seeks here.  Nothing in our decision bars Whoolery from filing a formal motion with the District Court seeking his or his counsel's access to Docket Entry 354.