# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHAUN RUSHING,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No.   23-00229 (UNA)
                                        )
                                        )
MCDONALD'S *et al*.,                    )
                                        )
                Defendants.             )

## MEMORANDUM OPINION

This matter, filed *pro se*, is before the Court on its initial review of Plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).  To that end, "the citizenship of every party to the action must be distinctly alleged and cannot be

1

established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Washington, D.C., has sued a McDonald's restaurant in Washington, D.C., and a supervisory employee for $1 billion and $100 million, respectively. In the single-page complaint, Plaintiff seems to allege that the supervisor refused to fulfill his order for a small coffee with "5 sugars" and "3 creamers" in the manner he requested. Plaintiff concludes that he has been shown "disrespect" and "discrimination," but he has not alleged the basis of discrimination. The allegations, such as they are, do not present a federal question, and Plaintiff has not invoked, much less established, diversity jurisdiction. Consequently, this action will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: February 24, 2023                    United States District Judge