# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 03-1836

ENERGY PLUS CONSULTING, LLC,

*Plaintiff-Appellant,*

v.

ILLINOIS FUEL COMPANY, LLC
and APPALACHIAN FUELS, LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-CV-0202-DRH—**David R. Herndon**, *Judge.*

_____

ARGUED OCTOBER 28, 2003—DECIDED JUNE 9, 2004

_____


Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Energy Plus Consulting, LLC ("EPC") sued defendants Illinois Fuel Company, LLC and Appalachian Fuels, LLC, alleging breach of contract and seeking $720,000 in damages. The contract provided that if the defendants failed to release an option in a separate contract with a third party by a specified date, they would pay EPC $720,000. The district court, in granting defendants' motion for summary judgment, found that the $720,000 provision was an unenforceable penalty clause. We agree with the district court, and therefore affirm.

## I. BACKGROUND

The contract at issue arose from Washington County, Illinois' (the "County") efforts to lease a coal reserve given to it by Exxon Corporation. In April 2001, the County entered into a contract with EPC (the "Standstill Agreement") granting EPC the exclusive right, for eighteen months, to contract with third parties to develop the reserve. The County, however, reserved its right to reject third-party proposals submitted by EPC.

Consistent with the Standstill Agreement, EPC solicited several companies potentially interested in exploring the reserve, including the defendants, Illinois Fuel Company, LLC and Appalachian Fuels, LLC (referenced jointly as "Fuels"). On August 13, 2001, Fuels and EPC signed an agreement (the "Agreement") which provided that EPC would present Fuels to the County as a potential candidate interested in exploring the reserve. In turn, upon entering into an option contract with the County providing Fuels an exclusive right to explore the reserve, Fuels would pay EPC $100,000. The Agreement also included the following clause:

> Fuels shall pay to Energy Plus Seven-Hundred Twenty-Thousand Dollars ($720,000) upon whichever shall occur first:
>
> (A.)  the expiration of ninety days from the date of execution of the Option, unless Fuels has released the Option, or
>
> (B.)  the execution of a Mining Lease.

The Agreement further specified that if Fuels executed a mining lease with the County, Fuels would also pay EPC $720,000 on the date of execution for the next four years.

On August 13, 2001, following the execution of the Agreement between Fuels and EPC, Fuels and the County executed an option contract granting Fuels the exclusive

right to explore and lease the reserve. The option expired the sooner of February 13, 2002 or the date upon which Fuels completed its due diligence. After executing the option contract, Fuels paid EPC $100,000, as required under the Agreement.

On November 15, 2001, four days after the expiration of the ninety-day deadline in the Agreement, EPC and Fuels amended the Agreement (the "Amendment"), extending the ninety-day deadline for Fuels to either pay $720,000 or release the option until December 31, 2001.[1] Fuels paid $50,000 for the extension. The Amendment also stipulated that Fuels could extend the deadline to February 13, 2002 if Fuels paid EPC another $50,000 by no later than December 31, 2001.

On January 4, 2002, four days after the deadline to release the option agreement expired, Fuels notified the County by letter that it would not exercise the option and also informed EPC of its decision by telephone. On January 10, 2002, EPC received a copy of the letter advising it of Fuels' decision. In response, EPC demanded that Fuels pay it $720,000 pursuant to the Amendment's provision which required the payment if Fuels did not release the option on or before December 31, 2001. When Fuels refused to pay, EPC filed this lawsuit in the Circuit Court of Washington County, Illinois, alleging breach of contract. The case was removed to the United States District Court for the Southern District of Illinois and both parties filed motions for summary judgment. The district court denied EPC's motion but granted summary judgment in favor of Fuels, finding that the clause calling for the $720,000 payment was an unenforceable penalty. EPC appeals.

---

[1] Although the Amendment was executed on November 15, 2001, it was dated November 11, 2001.

## II. ANALYSIS

We review a district court's decision to grant summary judgment de novo, viewing all facts in the light most favorable to the nonmoving party, and determine whether there is a genuine issue for trial. *Hilt-Dyson v. City of Chi.*, 282 F.3d 456, 462 (7th Cir. 2002).

Whether a contractual provision is a valid liquidated damages clause or an unenforceable penalty clause is a question of state law that we review de novo. *Checkers Eight LP v. Hawkins*, 241 F.3d 558, 562 (7th Cir. 2001). Here, Illinois law applies. In Illinois, a liquidated damages clause is valid and enforceable when: "(1) the actual damages from a breach are difficult to measure at the time the contract was made; and (2) the specified amount of damages is reasonable in light of the anticipated or actual loss caused by the breach."[2] *Id.* at 562; *see also Lake River Corp. v. Carborundum Co.*, 769 F.2d 1284, 1289 (7th Cir. 1985). Although this test is instructive, we are mindful that there is no fixed rule applicable to all liquidated damages provisions, as each must be evaluated on its own facts and circumstances. *Grossinger Motorcorp Inc. v. Am. Nat'l Bank and Trust Co.*, 607 N.E.2d 1337, 1345 (Ill. App. Ct. 1992). Further, while "[t]he distinction between a penalty and liquidated damages is not an easy one to draw," close cases will be resolved in favor of finding the disputed clause a penalty. *Lake River Corp.*, 769 F.2d at 1290.

The provision of the contract requiring Fuels to pay the $720,000 that EPC demands is a penalty under Illinois law

---

[2] Some Illinois courts also include a third prong: "[whether] the parties intended to agree in advance to the settlement of damages that might arise from the breach . . . ." *See, e.g., Med+Plus Neck and Back Pain Center v. Noffsinger*, 726 N.E.2d 687, 693 (Ill. App. Ct. 2000). *But see Penske Truck Leasing Co. v. Chemetco Inc.*, 725 N.E.2d 13, 19 (Ill. App. Ct. 2000). The third prong does not materially alter the analysis here.

because the clause mandating the payment was not reasonable at the time of contracting. *See Checkers*, 241 F.3d at 562. While EPC characterizes the payment in different ways, no offered rationale withstands this court's scrutiny over whether the sum is reasonable.[3] In *Lake River* this court opined: "When a contract specifies a single sum in damages for any and all breaches even though it is apparent that all are not of the same gravity, the specification is not a reasonable effort to estimate damages. . . ." 769 F.2d at 1290. In *Lake River*, the court found that a clause that would have awarded the plaintiff more than its lost profits, no matter the timing of the breach, was a penalty clause. *Id.* at 1291. The court reasoned that enforcing the clause would have resulted in an award unrelated to the expected damages as estimated at the time of contracting. *Id.*; *see also Yockey v. Horn*, 880 F.2d 945, 952 (7th Cir. 1989). Here, Fuels was required to pay EPC $720,000 no matter when notice of the breach occurred. In other words, whether Fuels notified EPC on January 1, January 31, or any other future date that it would not exercise the option, the sum in damages, $720,000, would remain the same. In the alternative, if EPC received notice that Fuels released the option anytime before the ninety days expired, EPC would receive no money. *Lake River* made clear that this type of single sum payment, one that bears no relation to the gravity of the breach, is unreasonable. 769 F.2d at 1291; *see also XCO Int'l Inc. v. Pacific Scientific Co.,* No. 03-1683, 2004 WL 1147062, at *6 (7th Cir. May 24, 2004) (noting that the

---

[3] EPC apparently attempts to avoid the characterization of the $720,000 as a penalty by arguing that it was either one, or a combination, of the following: (1) an estimate of the damages it would incur by taking the coal reserve off the market beyond the December 31 deadline; (2) a fee for taking the coal reserve off the market; or (3) the first installment of five payments under the mining lease.

"element common to most liquidated damages clauses that get struck down as penalty clauses is that they specify the same damages regardless of the severity of the breach"); *Checkers*, 241 F.3d at 562-63 (holding that a clause requiring a $150,000 payment if the party was late in making scheduled payments to be a penalty).

The November 15 Amendment is additional evidence of this single sum's unreasonableness. It gave Fuels the option of purchasing a forty-five day extension beyond December 31 for $50,000. This suggests that, at least as of November 15, the cost of keeping the reserves off the market beyond December 31 was closer to $50,000. Thus, EPC's requirement of a $720,000 payment, even for notifying EPC one day after the specified deadline that Fuels would not exercise the option, is an unenforceable penalty under Illinois law.

To avoid this characterization, EPC contends that this Court's holding in *Scavenger Sale Investors v. Bryant*, 288 F.3d 309 (7th Cir. 2002), requires a finding that the $720,000 is a valid liquidated damages clause. *Scavenger*, however, is distinguishable. In *Scavenger*, we interpreted a settlement agreement that provided a $600,000 discount from the amount the defendant actually owed, but required the defendant to pay the $600,000 if the agreement was breached. We found that the $600,000 payment was not a penalty because the original amount owed provided a benchmark to measure the reasonableness of the sum. *Id.* at 312. Unlike the settlement agreement in *Scavenger,* there is no benchmark against which to measure the $720,000 payment. Rather, the $720,000 payment clause does not bear a nexus to the gravity of the breach and EPC fails to provide evidence suggesting that the clause was a reasonable attempt to estimate actual damages.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting summary judgment in favor of the defendants.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*